STEWART, Respondent, *v.* STANDARD PUBLISHING CO., APPELLANT.

(No. 7,498.)

(Submitted February 11, 1936.   Decided March 9, 1936.)

[55 Pac. (2d) 694.]

44

*Mr. William R. Taylor* and *Mr. J. B. C. Knight,* for Appellant, submitted a brief.

*Mr. Sid G. Stewart*, for Respondent, submitted a brief and argued the cause orally.

MR. JUSTICE ANDERSON delivered the opinion of the court.

Plaintiff brought this action to recover damages for personal injuries sustained by her when, on September 23, 1934, she fell on a sidewalk as a result of the accumulation of ice and snow thereon in front of the building owned by the defendant in the city of Anaconda.

The plaintiff charged in her complaint that the sidewalk for a long time prior to the date of the accident was in a defective and dangerous condition, in that it was sunken and depressed

so that it made portions of it lower than the remainder of the walk, and that these depressions collected pools of water which accumulated, froze and made the sidewalk slippery and dangerous. It was alleged that the sidewalk on which the plaintiff fell at the time of her injury contained these frozen pools of water, and that the ice was covered with a light fall of snow. The defendant answered denying the negligence, and the cause was tried before the court sitting with a jury. The defendant, prior to filing its answer, by demurrer challenged the sufficiency of the complaint for want of substance, and again by objection at the commencement of the reception of testimony upon the same ground.

At the close of plaintiff's case the defendant made a motion for nonsuit, which was denied, and thereafter, without offering any proof, moved for a directed verdict; this motion was likewise denied. Numerous objections were made during the progress of the trial to the reception of evidence. The cause was submitted to the jury, and a verdict for plaintiff was returned in the sum of $1,000. Judgment was entered in accordance with the verdict. The appeal is from the judgment.

Numerous specifications of error seek to review these various rulings. All of them seek to raise the question whether the defendant company, which was the owner of the property abutting the sidewalk on which plaintiff fell, under the facts is liable in damages. The defendant argues that under the decisions of this court there is no liability upon an abutting property owner as a result of injuries sustained on a defective sidewalk in front of the premises. In the case of *Headley* v. *Hammond Building, Inc.*, 97 Mont. 243, 33 Pac. (2d) 574, 576, 93 A. L. R. 794, we quoted with approval what was said in the case of *Nord* v. *Butte Water Co.*, 96 Mont. 311, 30 Pac. (2d) 809, wherein it was written: ''In this state the fee to the street is in the state; the city is but a trustee thereof (*City of Butte* v. *Mikosowitz*, 39 Mont. 350, 102 Pac. 593) ; a sidewalk is but a part of the street. (*Kipp* v. *Davis-Daly Copper Co.*, 41 Mont. 509, 110 Pac. 237, 21 Ann. Cas. 1372, 36 L. R. A. (n. s.)

48

666; *Mitchell* v. *Thomas*, 91 Mont. 370, 8 Pac. (2d) 639.) The city has the same control over, and duties with reference to, the sidewalk as it has respecting any other part of the street. (6 McQuillin on Municipal Corporations, 2796.) Primarily the city is charged with the duty of keeping its streets, including the sidewalks, in a reasonably safe condition for travel." (Citing cases.) We also declared in the same opinion: "If a city ordinance requires the abutting owner to keep the sidewalk in repair, the city's duty to the public is not affected; it merely makes the abutting owner a joint agent with the city officials for the performance of the city's duties. (*Nord* v. *Butte Water Co.*, supra; *Childers* v. *Deschamps*, 87 Mont. 505, 290 Pac. 261.) * * * Defendant company, having once repaired the walk, was not therefore bound as a result of that operation to keep it in repair. (43 C. J. 1105; *Dixon* v. *Missouri Pac. R. Co.*, 104 Kan. 404, 179 Pac. 548; *McCarthy* v. *Adams*, 42 Ohio App. 455, 182 N. E. 324.)"

Plaintiff concedes that in the ordinary causes of defective sidewalks the abutting owner is not liable, but argues that, since cities and towns have been relieved from all liability for the accumulation of snow and ice on sidewalks under the provisions of Chapter 132 of the Laws of 1929, a person injured by falling on an icy sidewalk would have no remedy if the abutting owner were not held liable. Her counsel's argument proceeds upon the theory that under the provisions of section 6, Article III, of the Constitution, reading as follows, "Courts of justice shall be open to every person, and a speedy remedy afforded for every injury of person, property, or character," the constitutional right of the plaintiff to have a remedy for her injury cannot be denied.

Some courts under a similar constitutional provision have adopted a view in accordance with the contention of plaintiff, as illustrated by the case of *Mattson* v. *Astoria*, 39 Or. 577, 65 Pac. 1066, 87 Am. St. Rep. 687, which held that, although the legislature had power to change the remedy which existed at the time of the adoption of the Constitution, it was powerless

to deny to an injured party who had a remedy under the common law all relief whatever. This court, however, has interpreted this provision of the Constitution somewhat differently. In the case of *Shea* v. *North-Butte Min. Co.,* 55 Mont. 522, 179 Pac. 499, 502, it was contended that the Workmen's Compensation Act was repugnant to this provision of the Constitution, in that it denied to persons injured the right to maintain an action in the courts, and in disposing of this contention the court said: "But counsel are in error in supposing that for this reason the Compensation Act is repugnant to the section of the Constitution quoted. Their contention is based upon a misconception of the scope of the guaranty therein contained. A reading of the section discloses that it is addressed exclusively to the courts. The courts are its sole subject-matter, and it relates directly to the duties of the judicial department of the government. It means no more nor less than that, under the provisions of the Constitution and laws constituting them, the courts must be accessible to all persons alike, without discrimination, at the time or times, and the place or places, appointed for their sitting, and afford a speedy remedy for every wrong recognized by law as being remediable in a court. The term 'injury,' as therein used, means such an injury as the law recognizes or declares to be actionable. Many of the state Constitutions contain similar provisions, and the courts, including our own, have held, either expressly or impliedly, that their meaning is that above stated. [Citing cases.] If the contention of counsel should be upheld, the consequence would be that the legislature would be stripped of all power to alter or repeal any portion of the common law relating to accidental injuries or the death of one person by the negligence of another."

It appears from the record—and it is undisputed—that the sidewalk in question in front of the premises owned by the defendant was defective as charged in the complaint, and had been defective for some considerable period of time prior to the injury sustained by plaintiff. The sidewalk was con-

structed by the defendant. It had been maintained by the defendant at all times after its construction. The defendant had "control over the sidewalk in regard to clearing away snow and ice and water accumulating on the sidewalk." It employed janitors whose duty it was to clean the sidewalk, and they ordinarily performed this duty at about the hour of 7:30 in the morning. The accident in question occurred about 8:30 in the morning, and the employees of the defendant removed the ice and snow from the sidewalk on that same morning following the accident at some time prior to 10 o'clock. Thus it clearly appears from the record that the defendant assumed the duty of constructing and maintaining the sidewalk, and of removing therefrom accumulations of ice and snow.

In 45 C. J. 650, it is said: "The governing rule is that, where a person undertakes to do an act or discharge a duty by which the conduct of another may be properly regulated and governed, he is bound to perform it in such a manner that those who are rightfully led to a course of conduct or action on the faith that the act or duty will be duly and properly performed shall not suffer loss or injury by reason of negligent failure so to perform it." This rule therein announced is recognized by many text-writers and in innumerable decisions of the courts. (See 2 Wharton on Negligence, 2d ed., p. 365, and 1 Street on Foundation of Legal Liability, p. 188.) A great many cases wherein this principle has been applied are reviewed in the opinion in the case of *O'Brien* v. *American Bridge Co.,* 110 Minn. 364, 125 N. W. 1012, 136 Am. St. Rep. 503, 32 L. R. A. (n. s.) 980 (a bridge). (See, also, *Harriman* v. *New York, C. & St. L. R. Co.,* 253 N. Y. 398, 171 N. E. 686 (a private railway crossing); *Cummings* v. *Henninger,* 28 Ariz. 207, 236 Pac. 701, 41 A. L. R. 207 (a sidewalk); *Hartley* v. *Roondale,* [1908] 2 K. B. 594 (a road).)

This case is distinguishable from that of *Headley* v. *Hammond Bldg., Inc.,* supra, in that, although there the defendant had constructed the sidewalk and had repaired it once, there was no showing that the defendant had there assumed the duty

of maintaining the sidewalk. Here the defendant constructed the sidewalk, assumed the duty of maintaining it, and in particular undertook the duty of removing accumulations of snow and ice from it. We think that the defendant, under the facts in this case, was liable to the plaintiff under the rule mentioned, supra. Accordingly, the judgment is affirmed.

Associate Justices Matthews, Stewart and Morris concur.

Mr. Chief Justice Sands, being absent, did not hear the argument and takes no part in the foregoing opinion.