## WESTERN AUTO SUPPLY AGENCY OF LOS ANGELES v. PHELAN.

### No. 8962.

Circuit Court of Appeals, Ninth Circuit.

May 29, 1939.

Rehearing Denied June 30, 1939.

Rockwood Brown, Horace S. Davis, Melvin N. Hoiness, and Franklin S. Longan, all of Billings, Mont., for appellant.

Sterling M. Wood, Robert E. Cooke, and Fredric Moulton, all of Billings, Mont., for appellee.

Before DENMAN, MATHEWS, and HEALY, Circuit Judges.

HEALY, Circuit Judge.

Appellant was occupant of the first floor and basement of a two-story brick building in Billings, Montana, which it had held under lease since 1931. On February 22, 1936 appellee slipped on the sidewalk in front of these premises and fell, fracturing her hip. She had judgment in a suit against appellant to recover damages for the injury sustained.

The evidence tended to show that the fall was attributable to an accumulation of ice and snow in a crack or depression in the walk caused by the crumbling of the cement.[1] Throughout the period of its occupation appellant had customarily kept the sidewalk free from snow and ice, at least during the daytime, delegating this work to one of its salesmen. Accumulations of snow were usually removed shortly before 8 o'clock in the morning, and if it became necessary because of conditions arising during the day the employee would go out and clean off the walk. On the morning of the day of the accident the employee had shov-

---

[1] The jury were instructed that the depression in the walk was not a defect, and that in any event appellant was under no duty to repair.

eled off accumulated snow as usual. No snow fell thereafter, but in the afternoon there was some thawing, and there was evidence that a film of water had collected over the ice in the depression. The accident occurred about 7 o'clock in the evening. Appellant's store had been closed for the day about an hour previous to that time.

In 1932 appellant had repaired a portion of the walk because the flagstones had dropped down to a wedge shape, causing water to collect in front of the entrance to the store. In the year following the accident it rebuilt the walk.

In the course of the trial appellee was permitted to introduce the lease under which appellant occupied the building, a covenant of which required appellant to keep the walks clear of ice and snow "if such clearing shall be ordered or required by municipal authority." She also introduced, over objection, an ordinance of the city of Billings, which, so far as material, is quoted on the margin.[2] One of the errors complained of is the admission of this evidence.

 It is settled law in Montana that the duty is primarily imposed upon the city to keep its sidewalks in reasonably safe condition for the protection of the public, and that this duty includes keeping them free from snow and ice. The duty may be delegated by ordinance to owners or occupants of the adjoining premises; but failure of the latter to observe the requirements of the ordinance does not constitute negligence per se, since the rule to this effect applies only when the duty is primarily that of the person sought to be held. Such an ordinance is not intended for the protection of the public by the property owner, but as an aid to the city in discharging its duty to the public. Since the fee to the sidewalks is in the city, the abutting owner, in the absence of a statute to the contrary, owes no duty to the public to keep the sidewalk in front of his premises free from snow and ice. Childers v. Deschamps et al., 87 Mont. 505, 290 P. 261, 263. "As a property owner," said the court in the case just cited, "in removing the natural accumulation of ice and snow, acts only as the agent of the city in the performance of its primary duty, an action predicated upon failure to comply with the requirements of the ordinance will not lie against the property owner."[3]

The principle has been adhered to in subsequent decisions of the Montana courts. Nord v. Butte Water Co., 96 Mont. 311, 30 P.2d 809; Headley v. Hammond Bldg. Inc., 97 Mont. 243, 33 P.2d 574, 93 A.L.R. 794. Appellee does not question the rule, but undertakes to justify the introduction of the ordinance on the theory that, coupled with the lease covenant, it was evidence of a voluntary assumption of duty on appellant's part. More narrowly stated, her position is that appellant by a long course of conduct had assumed the duty of maintaining the walk in front of its premises and particularly of keeping it free from snow and ice, and hence safe for travel by the public. Having undertaken the burden, appellant was bound to discharge it with reasonable care. A late decision of the Montana court in Stewart v. Standard Publishing Co., 102 Mont. 43, 55 P.2d 694, 696, is cited in support of this view.

 In that case the defendant, who was the owner as well as the occupant of the abutting premises, had constructed the sidewalk and had maintained it at all times afterwards. The defendant had employed janitors whose duty it was to clean the walk, and they had ordinarily performed this duty at about the hour of 7:30 in the morning. The accident occurred about 8:30,

---

2 "Section 644. It shall be the duty of the occupant of any premises within the City Limits, or in case the same are unoccupied, then the owner or his agent, to keep the sidewalks in front of and adjoining his premises clean and safe for pedestrians, and to repair the same from time to time; and such occupant, or owner or agent shall remove snow, ice, slush, mud, and other impediment to safe and convenient foot travel, within twenty-four hours after such snow, ice, slush, or other impediment accumulates thereon, and prevent the continuance and accumulation of the same. Every person failing to comply with the provisions of this section shall be deemed guilty of committing a nuisance and upon conviction thereof, shall be fined not less than one dollar nor more than fifty dollars, and like sum for each day that such nuisance is continued. * * *"

3 By statute enacted in 1929 municipalities have been relieved of liability for injury occurring from the accumulation of snow and ice on sidewalks. Chap. 132, Laws of Montana 1929. The statute, however, does not have the effect of imposing liability on others. Stewart v. Standard Publishing Co., 102 Mont. 43, 55 P.2d 694.

and defendant's employees removed the ice and snow from the walk on the same morning, but after the accident. "Thus," says the court, "it clearly appears from the record that the defendant assumed the duty of constructing and maintaining the sidewalk, and of removing therefrom accumulations of ice and snow." The court quoted from 45 C.J. 650 to the effect that " 'the governing rule is that, where a person undertakes to do an act or discharge a duty by which the conduct of another may be properly regulated and governed, he is bound to perform it in such a manner that those who are rightfully led to a course of conduct or action on the faith that the act or duty will be duly and properly performed shall not suffer loss or injury by reason of negligent failure so to perform it." Because it constructed the sidewalk, assumed the duty of maintaining it, and in particular undertook the duty of removing accumulations of snow and ice from it, the court thought the defendant was liable to the plaintiff under the rule quoted.

■ In the case at bar, the ordinance created no duty on appellant's part toward appellee or any other member of the public, but to the city only. Giving full play to the doctrine of Stewart v. Standard Publishing Co., supra, it is nevertheless apparent that proof of the ordinance had no tendency to show an assumption of duty to the public; and the commands of the ordinance are not the measure of the burden appellant voluntarily assumed. The latter's agreement with its landlord to keep the walks clear of snow and ice, if required by the municipality, was not a contract on which appellee was entitled to rely. The covenant was for the benefit of the landlord. Under the rule applied in the Stewart case, the nature and extent of the duty assumed by a party are factual matters to be established by proof of the party's actual conduct. It must also be proved that the injury complained of was proximately caused by the failure to perform this duty, or by the performance of it in a negligent manner.

■ It is urged that proof of the ordinance was not in any event prejudicial, for the reason that by long practice appellant had in fact undertaken to discharge whatever burden in this respect the ordinance had imposed. However, the ordinance required the occupant to keep the sidewalk safe for pedestrians and imposed a continuing burden of preventing the accumulation of snow and ice. Its requirements may well

be thought more onerous than the duty appellant had customarily discharged. The jury were instructed that the lease and ordinance were admitted "for the purpose of showing the assumption of a duty to care for the sidewalk, especially in keeping it clear of snow and ice. You will remember that by the terms of the lease the lessee was required to do that, providing the city ordinance required it, and the city ordinance was introduced to show that that was required." From this the jury might well have understood that appellant's assumed duty toward the public was to be measured by the terms of the ordinance. The reception of this proof was error.

We find no other reversible error in the record.

Reversed with directions to grant a new trial.