**BURKE v. COLUMBIA LUMBER CO. OF ALASKA.**

**No. 6689–A.**

District Court, Alaska,
First Division, Juneau.

Dec. 24, 1952.

Warren C. Christianson, Sitka, Alaska, for plaintiff.

Robert Boochever of Faulkner, Banfield & Boochever, Juneau, Alaska, for defendant.

FOLTA, District Judge.

Plaintiff seeks to recover for injuries alleged to have been sustained from a fall on an icy sidewalk abutting defendant's property in the City of Sitka. Defendant moves to dismiss Count II of the complaint which alleges:

"That in addition to the items of negligence specified in Count I and resulting in the fall and consequent damage above mentioned, the defendant was further negligent in violating Ordinance No. 52 of the Common Council of the City of Sitka as mentioned in Paragraph E of Page 2 of this complaint, in that defendant did not clean off the snow and ice from the sidewalk but allowed it to accumulate in direct violation of said ordinance to the danger of those for whose protection the ordinance was enacted—the pedestrians."

The ordinance so far as pertinent provides:

"That it shall be the duty of all property owners owning property abutting any sidewalk or public thoroughfare to keep said sidewalk or thoroughfare free of snow and ice and all other obstructions or menaces dangerous to life and limb of pedestrians."

Defendant contends that this ordinance was not intended to give pedestrians a cause of action against the abutting owner for failure to comply with its terms.

 Generally, the abutting owner at common law is not under a duty to remove snow and ice which have naturally accumulated on the sidewalk. The primary duty to maintain the sidewalks and thoroughfares in a reasonably safe condition lies with the municipality which controls them, although, as between the municipality and an abutting owner, the burden of maintenance is often shifted by means of an ordinance such as that here involved. Delegation of the duty to maintain does not ordinarily result in making the abutting owner liable to individual pedestrians for failure to comply with the terms of the ordinance making the delegation. Western Auto Supply Agency of Los Angeles v. Phelan, 9 Cir., 104 F.2d 85; McQuillin on Municipal Corporations, 3d Ed., Sec. 22.06.

 I am of the opinion that this ordinance was not designed to give an injured individual a right of action against a property owner violating its provisions, but rather was intended to assist the city in performing its municipal duties, and hence conclude that the motion should be granted.