No. 13191

IN THE SUPREME COURT OF THE STATE OF MONTANA

1976

---

JOHN O. REEVES, Administrator of the
Estate of Douglas M. Reeves, Deceased,

Plaintiff and Respondent,

-vs-

ILLE ELECTRIC COMPANY, YELLOWSTONE
ELECTRIC COMPANY, and OSWALD BERG,

Defendants and Appellants.

---

Appeal from: District Court of the Eighteenth Judicial District,
Honorable W. W. Lessley, Judge presiding.

Counsel of Record:

For Appellants:

Morrison & Hedman, Whitefish, Montana
Jerry Trieweiler argued, Whitefish, Montana

For Respondent:

Corette, Smith and Dean, Butte, Montana
R. D. Corette Jr. argued, Butte, Montana
Berg, Angel, Andriolo & Morgan, Bozeman, Montana
Charles F. Angel argued, Bozeman, Montana
Keller, Reynolds and Drake, Helena, Montana
Glen L. Drake argued, Helena, Montana

For Amicus Curiae:

Hon. Robert L. Woodahl, Attorney General, Helena,
Montana
Donald Smith appeared, Assistant Attorney General,
Helena, Montana

---

Submitted: April 21, 1976

Decided: JUN 2 1 1976

Filed: JUN 2 1 1976

Thomas J. Kearney
Clerk

Mr. Justice Frank I. Haswell delivered the Opinion of the Court.

The administrator of decedent's estate brought a survival action against three defendants seeking damages for personal injuries and death of decedent, who was electrocuted in a whirlpool bath. The district court, Gallatin County, entered a judgment of dismissal as to one defendant and separate summary judgments in favor of the other two defendants. Plaintiff appeals from these judgments.

Plaintiff Reeves is the father of decedent Douglas H. Reeves and the administrator of his estate. Decedent was a student at Montana State University at Bozeman, Montana in 1973. In October of that year, he was taking a whirlpool bath in the University field house when an electrical charge emanated from the machine, electrified the water and electrocuted him.

Defendant Ille Electric Company, a foreign corporation, manufactured the whirlpool bath machine involved here and shipped it to Montana State University. It was installed in the field house by defendant Yellowstone Electric Company. The Montana State University field house was designed by architect Oswald Berg. The installation of the whirlpool machine and construction of the field house were substantially completed prior to 1960.

The complaint alleges Ille furnished the whirlpool machine with a ten foot cable and plug electrical connection. In installing the whirlpool, Yellowstone made the electrical connection by plugging the cable and plug into a wall receptacle, designed by Berg.

The allegations of negligence upon which liability is predicated are:

1) Ille failed to warn the purchaser of inherent dangers in the machine with respect to electrical connections and failed to provide unmistakable instructions for proper installation; and provided the whirlpool with an electrical cord rather than a direct wiring apparatus.

2) Yellowstone failed to wire the whirlpool directly, and installed the cord and plug in a manner which created the condition causing the electrocution of decedent.

3) Berg failed to design a direct wiring system for the whirlpool and designed and approved the electrical wall receptacle to which the whirlpool was connected.

Plaintiff seeks recovery of income to decedent's estate lost as a direct result of the concurring negligence of defendants, in the amount of $900,000.

The issues in this case turn on the constitutionality and applicability of section 93-2619, R.C.M. 1947, commonly referred to as the "architects' and builders' statute" which defendants contend bars this suit.

Berg moved to dismiss the complaint on the basis of section 93-2619, which provides:

> "Except as provided in sections 2 and 3 [93-2620 and 93-2621] of this act, no action to recover damages (other than an action upon any contract, obligation, or liability, founded upon an instrument in writing) resulting from or arising out of the design, planning, supervision, inspection, construction, or observation of construction of, or land surveying done in connection with, any improvement to real property shall be commenced more than ten (10) years after completion of such improvement."

The district court granted Berg's motion without leave to amend, on the grounds the conduct complained of took place prior to 1960 and the action was not commenced until 1975, more than ten years after completion of the improvement. On September 19, 1975, judgment was entered in favor of Berg. Subsequently, separate summary judgments were entered in favor of Yellowstone and Ille based on the same statute.

The thrust of plaintiff's appeal is a broad constitutional attack on section 93-2619, R.C.M. 1947. He cites cases from other states on the same questions with respect to their "architects' and builders' statutes". He also questions the summary judgment as to Ille, assuming the constitutionality of section 93-2619. Specifically, the issues are:

1. Is section 93-2619, R.C.M. 1947, unconstitutional in violation of:

a. Article II, Section 16, 1972 Montana Constitution, by denying plaintiff access to the courts, and denying him a speedy remedy for the injuries and damages to the estate which he represents?

b. Article V, Section 11, 1972 Montana Constitution, by embracing more than one subject and by not clearly expressing that subject in the title of the act?

c. The equal protection clause of the Fourteenth Amendment to the United States Constitution, by granting immunity from suit to one class of defendants and denying immunity to other possible defendants?

d. The due process clauses of the Fourteenth Amendment to the United States Constitution and Article II, Section 17, 1972 Montana Constitution, by depriving plaintiff of a common law right without providing a reasonable substitute?

2. If section 93-2619, R.C.M. 1947, is constitutional does it bar a claim against the manufacturer of personal property once that property is attached to real property?

We commence inquiry into the constitutional questions with the well-settled rule that when the constitutionality of a statute is under scrutiny, the statute is presumed to be constitutional and the party attacking it has the burden of proving its invalidity. In the matter of Estate of Kujath, _____Mont._____, 545 P.2d 662, 33 St.Rep. 117. This presumption of validity applies to all legislative enactments and it is the duty of the court to resolve all conceivable doubts in favor of validity whenever possible. State Highway Commission v. Chapman, 152 Mont. 79, 446 P.2d 709; State ex rel. Abel v. District Court, 140 Mont. 117, 368 P.2d 572. Additionally, some forty-two state legislatures and the United States Congress for the District of Columbia, have enacted architects' and builders' statutes similar to Montana's.

- 4 -

The first challenge invokes Article II, Section 16, 1972 Montana Constitution, which provides in pertinent part:

"The administration of justice. Courts of Justice shall be open to every person, and speedy remedy afforded for every injury of person, property, or character. * * *"

Plaintiff contends section 93-2619 violates Article II, Section 16, by barring plaintiff's cause of action before it arose. Article II, Section 16, 1972 Montana Constitution has not been interpreted by this Court. However, Article III, Section 6, 1889 Montana Constitution, in pertinent part contains identical language. This language was interpreted in Shea v. North-Butte Mining Co., 55 Mont. 522, 532, 179 P. 499. In Shea it was argued the Workmen's Compensation Act was repugnant to Article III of the 1889 Constitution in that it denied injured workmen the right to maintain an action in the courts. This Court stated:

"But counsel are in error in supposing that for this reason the Compensation Act is repugnant to the section of the Constitution quoted. Their contention is based upon a misconception of the scope of the guaranty therein contained. A reading of the section discloses that it is addressed exclusively to the courts. The courts are its sole subject matter and it relates directly to the duties of the judicial department of the government. It means no more nor less than that under the provisions of the Constitution and laws constituting them, the courts must be accessible to all persons alike, without discrimination, at the time or times and the place or places appointed for their sitting, and afford a speedy remedy for every wrong recognized by law as being remediable in a court. The term 'injury' as therein used, means such an injury as the law recognizes or declares to be actionable. * * * If the contention of counsel should be upheld, the consequence would be that the legislature would be stripped of all power to alter or repeal any portion of the common law relating to accidental injuries or the death of one person by the negligence of another. It is true the legislature cannot destroy vested rights. Where an injury has already occurred for which the injured person has a right of action, the legislature cannot deny him a remedy. But at this late day it cannot be controverted that the remedies recognized by the common law in this class of cases, together with all rights of action to arise in future may be altered or abolished to the extent of destroying actions for injuries or death arising from negligent accident, so long as there is no impairment of rights already accrued. This necessarily follows from the proposition, well established by the courts everywhere, that no one has a vested right in any rule of the common-law.* * *"

See also: Stewart v. Standard Publishing Co., 102 Mont. 43, 55 P.2d 694.

Assuming arguendo, that plaintiff would have a claim under common law, the legislature is not constitutionally prohibited from eliminating a common law right as it did in Shea and Stewart. In section 93-2619, the legislature did not interfere with any vested right of plaintiff, but simply cut off accrual of the right to sue after ten years. Additionally, section 93-2620, R.C.M. 1947, grants an additional year to sue as to any accrued rights within the ten year period. In the instant case, plaintiff's alleged cause of action arose more than ten years after completion; hence the statute is a valid bar to his suit against defendants protected by it.

Plaintiff asserts section 93-2619 violates Article V, Section 11, 1972 Montana Constitution, because the statute embraces more than one subject, one of which is not clearly expressed in its title. However, plaintiff invokes part of Section 11 without abiding by another of its provisions:

> "(6) A law may be challenged on the grounds of non-compliance with this section only within two years after its effective date." Article V, Section 11(6), 1972 Montana Constitution.

Section 6, Chapter 60, Laws of Montana 1971, provided section 93-2619 became effective on January 1, 1972. This case was commenced June 5, 1975, over three years later. Because section 93-2619 was not challenged within two years after its effective date, plaintiff is precluded from this constitutional challenge.

The equal protection attack upon section 93-2619 is based on the fact the statute applies to those who are responsible for making improvements to real property but does not bar actions against materialmen and owners of real property who may later be made to answer for negligently made improvements. Plaintiff cites three cases which hold that such a distinction is irrational class legislation violative of the equal protection clause of the Fourteenth Amendment, United States Constitution. Skinner v. Anderson, 38 Ill.2d 455, 231 N.E.2d 588; Fujioka v. Kam, 55 Hawaii 7, 514 P.2d 568; Kallas Millwork Corp. v. Square D Co., 66 Wisc.2d 382, 225 N.W.2d 454.

However, this Court finds other contrary authorities more persuasive and compatible with Montana law. Rosenberg v. Town of North Bergen, 61 N.J. 190, 293 A.2d 662; Grissom v. North American Aviation, Inc., 326 F.Supp. 465; Josephs v. Burns, 260 Or.493, 491 P.2d 203; Yakima Fruit & Cold Storage Co. v. Central Heating & Plumbing Co., 81 Wash.2d 528, 503 P.2d 108; Good v. Christensen, (Utah 1974), 527 P.2d 223; Housing Authority of Town of Limon v. Leo A. Daly Co., (Colo.App. 1975), 533 P.2d 937; Carter v. Hartenstein, 248 Ark. 1172, 455 S.W.2d 918, 920, cert.den. 401 U.S. 901, 91 S. Ct. 868, 27 L ed 2d 800. In Carter, the Arkansas Supreme Court considered the contention that a statute similar to section 93-2619, violated due process, was discriminatory, contravened equal protection of the laws, and was local and special legislation. The court stated:

> "This Act only cuts off action after four years. But, even then, if an accident or injury occurs before the expiration of that four year period, it may still be brought within an additional 12 months against those furnishing the design, planning, supervision or observation of construction, or the construction and repairing of any improvement to real property. All of the defendants in this action are within this definition. However, it does not include owners of buildings or materialmen who are not otherwise involved. Such materialmen and the owners of buildings or structures who are in sole control of premises after completion of the work are not similarly situated with the defendants in this case. They are not in the same class with those described in the act. Particularly is this true after construction is substantially completed and accepted by the owners. Part of acceptance is to accept some future responsibility for the condition of the premises.

> " * * *

> "We have carefully considered Skinner v. Anderson, 38 Ill.2d 455, 231 N.E.2d 588, (1967), concerning this appeal. In all deference and in respect to the decision of the Supreme Court of Illinois, we cannot apply its reasoning to this case. That court held the Illinois Statute, there challenged, to be discriminatory against others similarly situated. * * * Further, a vital distinction, nonetheless, exists between owners or suppliers and those engaged in the professions and occupations of design and building. This is not arbitrary or unreasonable. It is a legitimate and practical exercise of the legislative function."

The reasoning in Carter is consistent with the law of Montana. The test of the constitutionality of class legislation is whether the classification has some reasonable, just and practical basis

and whether the law operates equally upon every person within the class. Gullickson v.Mitchell, 113 Mont. 359, 126 P.2d 1106; City of Missoula v. Swanberg, 116 Mont. 232, 149 P.2d 248. A statute will not be stricken down upon constitutional grounds unless its violation of the fundamental law is clear and palpable, and the classification it makes is illusory and unreal. Victor Chemical v. Silver Bow County, 130 Mont. 308, 301 P.2d 730. Applying these tests, section 93-2619, R.C.M. 1947, does not violate equal protection of the laws.

Plaintiff's fourth constitutional attack upon section 93-2619 is that the statute impairs "due process" guarantees by depriving plaintiff of a common law right without providing a reasonable substitute. This argument is without merit. Section 93-2621, R.C.M. 1947, part of the same enactment as section 93-2619 (Ch.60, Laws 1971), states:

> "The limitation prescribed by this act shall not affect the responsibility of any owner, tenant, or person in actual possession and control of the improvement at the time a right of action arises."

The plain words of section 93-2621, refute the implication of plaintiff's argument that he is without a remedy. As indicated in Shea and Stewart, the legislature is not constitutionally prohibited from eliminating common law rights which have not accrued or vested. The Constitution does not freeze common law rights in perpetuity. For these reasons, we hold section 93-2619, R.C.M. 1947, constitutional.

The final issue is whether Ille is immune from this suit by virtue of its inclusion in the class protected by section 93-2619. The section by its terms applies to those involved in the "design, planning, supervision, inspection, construction, or observation of construction of * * * any improvement to real property * * *."

Ille contends that it is sued as part of the design or construction team, therefore it is protected by the statute. Ille also emphasizes the whirlpool in question was a "fixture" and "improvement"

at the time of the electrical charge which is alleged to have caused the death of plaintiff's decedent.

On the other hand, plaintiff argues that Ille is sued as a manufacturer of a hazardous machine and that inherent defects existed prior to installation in the University field house. Plaintiff characterizes Ille as a materialman, excluded from the application of the architects' and builders' statute.

A review of cases concerned with the constitutionality of architects' and builders' statutes reveals that the courts, whether finding their respective statutes unconstitutional or not, recognize that materialmen are not within the class protected by the statute. See the language of the Arkansas Supreme Court in Carter, heretofore set out. Thus, we look to plaintiff's complaint to determine whether Ille was sued as a materialman; we find that it was.

Ille took no part in the construction of the field house or in the related phases of the whirlpool installation, It simply manufactured the whirlpool machine and shipped it to Montana State University. Plaintiff alleges negligence in failure to warn of inherent dangers, failure to notify and instruct as to proper installation, and negligence in design of the whirlpool machine by providing only a cable and plug rather than a direct wiring system. These allegations relate to design and manufacture of the Ille whirlpool machine./no Ille was part of the field house construction team. Ille simply furnished an appliance that was subsequently installed in the field house. As such, Ille was simply a materialman whose product was incorporated in the construction. Accordingly, plaintiff has stated a claim against Ille not barred by section 93-2619. The district court erred in granting summary judgment in favor of Ille. (This Court, of course, expresses no opinion as to the ultimate liability of Ille in this case.)

- 9 -

We affirm the judgment of dismissal in favor of Berg and the summary judgment in favor of Yellowstone. We reverse the summary judgment in favor of Ille Electric Company and remand to the district court of Gallatin County for further proceedings.

_____
Justice

We Concur:

_____
_____
Justices

_____
Hon. Robert J. Nelson, District
Judge, sitting for Chief Justice
James T. Harrison.

Justice Castles concurring and dissenting, in part.

I concur in the opinion of the majority except as it applies to the final issue concerning defendant, Ille Electric Co. The thrust of the complaint is against the installation of the whirlpool machine over which Ille Electric had no control. To hold that over 13 years after installation, and summary judgment for the other two defendants, Ille Electric remains liable under the statutes involved is not proper. I would affirm the judgments.

_____
Justice

R. J. Nelson, Judge of the Eighth Judicial District, sitting in place of Honorable James T. Harrison, concurring and dissenting in part.

I concur in the opinion of the majority except as it applies to the final issue concerning defendant, Ille Electric Company. I would affirm the Judgments.

_____
R. J. Nelson