MR. JUSTICE WEBER,
dissenting:
Statutes have a strong presumption of constitutionality. The burden is upon the party attacking the statute to prove unconstitutionality, and it is the duty of the court to resolve all doubts in favor of validity whenever possible. Reeves v. Ille Electric Co. (1976), 170 Mont. 104, 109, 551 P.2d 647, 650. With this rule in mind, I dissent from the majority’s conclusion that the mediation requirement of Sections 39-71-2401 and -2406 through -2411, MCA, unconstitutionally impairs contractual obligations as it is retroactively applied to Mr. Carmichael. I further conclude that Mr. Carmichael has not shown the requirement to be unconstitutional by the other arguments he raised.
In the order appealed from, the Workers’ Compensation Court ruled that the mediation requirement is constitutional as applied to Mr. Carmichael and others whose benefits have been paid and then terminated. The court further ruled that in such cases the mediation process must be completed within 49 days after the request for mediation. It also provided that such claimants would have the option of seeking an interim order from the Division of Workers’ Compensation under Section 39-71-610, MCA. That section allows disputed benefits to be reinstated for up to 49 days.
The majority uses the three-tier test set forth in Energy Reserves in concluding that application of the mediation requirement in this case unconstitutionally impairs a contractual obligation. That test requires that if a state law substantially impairs a contractual right, the state must show a significant and legitimate purpose which the law imposes reasonable conditions toward achieving. The majority initially concludes that the delay caused by the mandatory mediation statutes represents a substantial impairment of contractual rights.
In my opinion, there has been no showing that the mediation requirement substantially impairs any contractual right. The requirement does not affect Mr. Carmichael’s right to workers’ compensation payments; it only presents the possibility of a delay in his receiving compensation, provided that he shows he is entitled to it. Even under the previous statute, workers had no vested right to uninterrupted compensation payments between the time the employer terminated them for ineligibility and the ruling by the Workers’ Compensation Court. Because he raised this matter on supervisory *417 control before proceeding through mediation, Mr. Carmichael has made no showing that he is entitled to reinstatement of his benefits. Second, Mr. Carmichael has made no showing of an actual delay in his case. We don’t know whether or not the use of the mediation plus the court process might have resulted in a shorter period of time in the present case. I therefore disagree with the theory set forth in the majority opinion that the delay presented by mediation is an “additional delay” not existing on the date Mr. Carmichael was injured. Third, this Court has recognized that in heavily regulated industries, which description fits the area of workers’ compensation law, it is inappropriate to assume that procedural regulations will remain static. Neel v. First Federal Sav. and Loan Assoc. (1984), 207 Mont. 376, 392-93, 675 P.2d 96, 105.
As a result of my conclusion that there has been no substantial impairment of any contractual right of Mr. Carmichael’s, I would not need to proceed to the other 2 tiers of the Energy Reserves test. However, because the majority concludes that there was an impairment of a contractual right, I will briefly discuss the remaining 2 tiers. I agree with the majority conclusion that the second tier is met because encouraging out of court settlements and thereby lessening the volume of cases filed in the Workers’ Compensation Court is a legitimate and significant purpose.
The final tier is whether the law imposes reasonable conditions toward achieving its purpose. I conclude that a mediation process is an appropriate means to address the Legislature’s purpose. The hearing examiner for the Workers’ Compensation Court submitted an affidavit to this Court which compared case filings before and after the mediation requirement was adopted and showed dispositions of cases mediated in the first 10 months. The affidavit showed that in the 10 months in which the mediation requirement had been in effect, filings of petitions in the court were reduced from over 900 to 167. The affidavit also showed that 300 mediations had been completed during that period, 159 of which were resolved by mediation. We have substantial evidence that the Legislature’s chosen means is working satisfactorily for a large number of claimants. I would therefore conclude that the mediation requirement meets the three-tier test set forth in Energy Reserves.
Because it found the contracts clauses of the U.S. and the Montana Constitutions were violated by application of the mediation requirement in Mr. Carmichael’s case, the majority did not consider *418 the three other arguments against the new statutes. I will address them briefly.
Mr. Carmichael argues that the mediation requirement violates his due process rights. He has not cited any authority that a delay in reestablishing a right which has been unchallengedly taken away is a deprivation of due process. Further, under the former statutes, there was no right to a decision by the Workers’ Compensation Court within any particular time. The 60-day hearing rule is a procedural rule of the Workers’ Compensation Court, not a right established by statute. I conclude that there is no due process problem because there was no right to a continuation of benefits between termination by the employer and a decision by the Workers’ Compensation Court.
Mr. Carmichael argues that the mediation requirement deprives him of his remedy of 49 days of payment of disputed benefits, as provided by Section 39-71-610, MCA. However, payment of these benefits remains, as it has always been, a discretionary matter with the division once a petition for hearing on termination of benefits has been filed. Mr. Carmichael has not been deprived of the opportunity to request disputed benefits.
Lastly, Mr. Carmichael argues that the mediation requirement deprives him of a speedy remedy for injury to a vested property right in his benefits. We do not have proof properly before us that the delay caused by the mediation requirement exceeds the delay caused by the previous backlog of cases before the Workers’ Compensation Court. This Court has recognized, in Linder v. Smith (Mont. 1981), [_Mont._,] 629 P.2d 1187, 38 St.Rep. 912, that reasonable requirements of first seeking administrative resolution may be placed upon persons without depriving them of their right to access to the courts.
I would therefore affirm the ruling of the Workers’ Compensation Court that the mediation requirement of the 1987 amendments to the workers’ compensation laws is constitutional as applied in Mr. Carmichael’s case and as limited by the Workers’ Compensation Court’s order.
MR. CHIEF JUSTICE TURNAGE and MR. JUSTICE GULBRANDSON concur in the foregoing dissent.