JUSTICE TRIEWEILER
dissenting.
I dissent from the opinion of the majority.
The Division of Workers’ Compensation’s efforts to limit the availability of attorneys who will represent injured workers by artificially limiting claimants’ ability to pay those attorneys without any *381 comparable limitation on the rights of employers or insurers, clearly violates the Equal Protection Clause of Article II, Section 4, of the Montana Constitution.
I do not agree that when the State arbitrarily and selectively interferes with the right of a litigant to contract and pay for the services of an attorney that that interference does not deserve middle-tiered scrutiny under the Equal Protection Clause. However, for purposes of this discussion, let’s assume that the majority’s favorite level of scrutiny, the rational basis or “almost anything goes” test applies. The Department of Labor’s blatant discrimination against claimants and their attorneys does not even pass that minimal level of scrutiny.
The problem with the majority’s conclusion is that it is based upon blind acceptance of the Department of Labor’s bald assertion that these limitations on fee agreements between claimants and their attorneys are for the benefit of injured workers. A brief review of recent history in the area of attorney fee regulation discloses that nothing could be further from the truth.
The Division of Workers’ Compensation was given the statutory authority to regulate claimant’s attorney fees in 1975. Section 39-71-613, MCA(1975). Pursuant to that authority, the Division of Workers’ Compensation enacted 24.29.3801, ARM, which until 1987 allowed attorneys to enter into fee agreements with injured workers for contingent fees ranging from 25 to 40 percent, depending on whether the case was resolved prior to trial, following trial, or on appeal. Attorneys were only allowed to recover fees when benefits were recovered due to the efforts of the attorney. Attorneys were not permitted to recover a fee for benefits that had never been disputed.
Furthermore, where benefits were denied or the amount was disputed, and the claimant later prevailed, the insurer who denied his benefits was responsible for payment of his fees. (Sections 39-71-611, MCA (1973), and 39-71-612, MCA (1975).) In Wight v. Hughes Livestock, Inc. (1983), 204 Mont. 98, 664 P.2d 303, we held that the purpose of these statutes was to assure that claimants whose benefits had been wrongfully denied would eventually receive the net amount of benefits they had been entitled to -under the law without having to deduct costs and attorney fees incurred to collect those benefits. We held that in order to further that purpose, claimants could recover the full amount of their contingent fee under § 39-71-611, MCA, so long as that fee had been approved by the Division of Workers’ Compensation.
*382 Had the Department of Labor or its Division of Workers’ Compensation been truly concerned about protecting injured workers from paying excessive attorney fees or protecting the best interests of the worker, as it righteously claims in this case, that would still be the law. Attorneys would be precluded from recovering a fee unless the benefits had been recovered due to the attorney’s effort. However, when the attorney’s efforts were necessary to recover benefits to which the claimant had been entitled in the first place, the insurer who wrongfully denied them would be responsible for the full amount of attorney fees and costs incurred so that the claimant’s net recovery would equal the benefits to which he was lawfully entitled.
Instead, the Division of Workers’ Compensation requested an amendment to the Workers’ Compensation Act in the very next legislative session following the Wight decision. That amendment became § 39-71-614, MCA (1985), and limited the amount of attorney fees that a claimant could recover from an insurer to an amount based upon an hourly rate. The effect was that even though the claimant’s contract with his attorney may call for a contingent fee, he would, in most cases, be precluded from recovering the full amount of that fee, even when the fee had been necessitated by the wrongful denial of his claim. So much for the Division of Workers’ Compensation’s concern for the workers’ best interests. However, the Department of Labor’s and the Division of Workers’ Compensation’s concern for the best interests of workers did not end in 1985. In 1987, it advocated massive amendments to the Workers’ Compensation Act which were ultimately passed, based upon its lobbying efforts. Those amendment drastically reduced benefits that could be recovered by injured workers. See §§ 39-71-701, -702, -703, and -741, MCA (1987). In addition, those same Division-sponsored amendments made it much more difficult for claimants to recover attorney fees and costs, even when it was necessary to retain an attorney because their benefits were wrongfully denied. Both § 39-71-611 and -612, MCA, were amended to require that before attorney fees could be recovered, claimant must prove that the denial of his benefits was unreasonable.
At the same time, the Division of Workers’ Compensation was lobbying through substantial cuts in workers’ benefits and severe restrictions on the ability of workers to recover attorney fees from insurers, it proposed amending 24.29.3801, ARM, to further restrict the fees that claimants could pay attorneys. The modified rule provided as follows:
*383 (3) Except as provided in subsection (7), an attorney representing a claimant on a workers’ compensation claim who plans to utilize a contingent percentage fee arrangement to establish the fee with the claimant, may not charge a fee above the following amounts:
(a) For cases that have been settled without an order of the Workers’ Compensation Judge or the Supreme Court, twenty percent (20%) of the amount of compensation payments the claimant receives due to the efforts of the attorney.
(b) For cases that go to a hearing before the Workers’ Compensation Judge or the Supreme Court, twenty-five percent (25%) of the amount of additional compensation payments the claimant receives from an order of the Workers’ Compensation Judge due to the efforts of the attorney.
(4) The fee schedule set forth in subsection (3) does not preclude the use of other attorney fee arrangements, such as the use of a fee system based on time at a reasonable hourly rate not exceeding $75 per hour, but the total fee charged may not exceed the schedule set forth in subsection (3) except as provided in subsection (7). When such fee arrangement is utilized, the contract of employment shall specifically set forth the fee arrangement, such as the amount charged per hour.
Hearings were held on the proposed amendment to the Division’s administrative rule regarding attorney fees and opposition was virtually unanimous. However, in spite of that response to the proposal, it was adopted by the Division of Workers’ Compensation.
Although the Department of Labor’s self-serving representation in this case is that the further restriction of claimants’ attorney fees was for the benefit of injured workers, the real purpose is more evident from the declaration of public policy that accompanied the Division’s 1987 amendments to the Workers’ Compensation Act. That declaration is found, in part, in § 39-71-105(3), MCA (1987), which states:
(3) Montana’s workers’ compensation and occupational disease insurance systems are intended to be primarily self-administering. Claimants should be able to speedily obtain benefits, and employers should be able to provide coverage at reasonably constant rates. To meet these objectives, the system must be designed to minimize reliance upon lawyers and the courts to obtain benefits and interpret liabilities. [Emphasis added.]
*384 In other words, the purpose for the limitations on attorney fees that have been challenged by the claimant’s attorney in this case was simply to eliminate attorneys from the process of resolving workers’ compensation disputes. The problem from a constitutional perspective is that the only class of attorneys so effected were those attorneys who represent claimants. There were no similar restrictions on the rights of employers or insurers to pay their attorneys any amount the market would bear.
The brief point is this: If the Department of Labor or its Division of Workers’ Compensation was honestly concerned about injured workers having to take money from their already inadequate disability benefits to pay for attorney fees, they would not have gone to the great lengths they have to erode the opportunity for claimants to recover fees from insurers who have wrongfully denied their benefits. Therefore, history demonstrates that there is no basis in fact for that concern and it cannot serve as the rational basis for discriminating against claimants as opposed to employers or insurers.
If, on the other hand, the real purpose for the Department of Labor’s and its Division of Workers’ Compensation’s efforts to restrict attorney fees is to eliminate attorneys from the workers’ compensation system, then it has done so selectively and unfairly. It has eliminated only those attorneys who represent claimants. Claimants are the parties to a workers’ compensation dispute who are in the most need of representation. Therefore, eliminating the claimant’s attorney, while leaving sophisticated insurance companies, and sometimes large corporate employers, free to hire the best attorney they can find, has no rational basis as this Court has previously defined that concept.
In Meech v. Hillhaven West, Inc. (1989), 238 Mont. 21, 776 P.2d 488, we cited with approval the following standard for judging whether class legislation passes the rational basis or “almost anything goes” test:
“The test of the constitutionality of class legislation is whether the classification has some reasonable, just and practical basis and whether the law operates equally upon every person within the class ....”
Meech, 776 P.2d at 502, (quoting Reeces v. Ille Electric Co. (1976), 170 Mont. 104, 551 P.2d 647).
Who can question that the calibre of services available from the legal profession are, as in every other profession, related to the *385 amount that can be paid for those services? How can it be argued that it is “reasonable or just” to arbitrarily limit the quality of services available to those in most need of legal services when no similar limitation is placed on those parties who are already most sophisticated in the workers’ compensation laws.
There is no rational basis for the Department of Labor’s concerted efforts to leave injured workers without representation, other than the unjust and unreasonable purpose of being able to dictate who does and does not receive disability benefits. The regulations which are challenged in this case are part of a concerted effort by the Department of Labor and the Division of Workers’ Compensation to place the burden of that Division’s mismanagement on injured workers — those members of society who are least able to bear that burden.
For these reasons, I conclude that the Division of Workers’ Compensation’s discriminatory regulation of attorney fees found in 24.29.3802, ARM, has no rational basis, and therefore, violates the Equal Protection Clause of Article II, Section 4, of the Montana Constitution. I would reverse the judgment of the Workers’ Compensation Court.
JUSTICE HUNT concurs in the foregoing dissent of JUSTICE TRIEWEILER.