No. 86-475

IN THE SUPREME COURT OF THE STATE OF MONTANA
1987

---

FRED G. CARL and JOAN A. CARL,
          Plaintiffs and Appellants,
     -vs-

WILLIAM CHILCOTE; SECURITY ABSTRACT COMPANY;
RICHLAND NATIONAL BANK; AND CITY OF MISSOULA,
MONTANA,
          Defendants and Respondents.
     and

RICHLAND NATIONAL BANK,
          Third-Party Plaintiff,
     -vs-

PIONEER NATIONAL TITLE INSURANCE COMPANY;
MILODRAGOVICH, DALE & DYE, P.C., MICHAEL J.
MILODRAGOVICH; BALDASSIN, CONNELL & BEERS: and
WILLIAM R. BALDASSIN,
          Third-Party Defendants.

---

APPEAL FROM:  District Court of the Fourth Judicial District,
              In and for the County of Missoula,
              The Honorable James B. Wheelis, Judge presiding.

COUNSEL OF RECORD:

     For Appellant:

          Moses Law Firm; Charles F. Moses, Billings, Montana

     For Respondent:

          William P. Driscoll, Helena, Montana
          Wayne Cumming, Sidney, Montana
          James J. Benn, Missoula, Montana

---

Submitted on Briefs: Jan. 8, 1987

Decided:  March 31, 1987

Filed: MAR 31 1987

_____
          Clerk

Mr. Justice Fred J. Weber delivered the Opinion of the Court.

The plaintiffs filed this action for losses suffered as the result of breach of a real estate construction contract. The District Court for the Fourth Judicial District, Missoula County, granted the summary judgment motion of defendant Security Abstract Company. Plaintiffs appeal. We affirm.

The issue is whether the District Court erred in granting summary judgment for Security Abstract Company.

This case arises out of the same facts and disputes involved in a case previously before this Court, Walters v. Campeau (Mont. 1983), 668 P.2d 1054, 40 St.Rep. 1419. Plaintiffs Carl obtained a $120,000 judgment in Missoula District Court against one Paul Campeau. They recorded it in Richland County, where Mr. Campeau and William Chilcote were engaged in a joint venture constructing and selling homes. Filing of the judgment effectively prevented any sales of the homes because it made title insurance unavailable. To enable the homes to be sold, Mr. Chilcote personally placed $120,000 in trust at Richland National Bank under a written agreement with the Bank and Security Abstract Company (Security Abstract). The $120,000 was intended to protect Security Abstract against title suits on the properties based on the Carls' judgment. Security Abstract then agreed to provide title insurance on the homes without an exception for the Carls' judgment. The agreement provided that "until such time as the Bank receives written instructions from Chilcote, the Bank shall treat Chilcote as the sole owner and shall deal solely with him with regard to the funds."

Meanwhile, the Carls had moved the Missoula County District Court to force Mr. Campeau to make repairs to apartment buildings involved in the $120,000 judgment. In an order dated November 4, 1981, the court ordered the Carls to

2

release their lien on the proceeds of the Richland County home sales to the extent necessary to allow Mr. Campeau to place $60,000 in trust for payment of materialmen and laborers who would complete work which had been ordered done on the Missoula apartments. That account was to be held in trust in the name of William Baldassin, Mr. Campeau's attorney. The portions of the order addressed to this transaction were:

> 5. As security for payment of materialmen and any subcontractors, the counsel for Defendant Campeau, William Baldassin, shall as an officer of this Court, receive and hold in an interest-bearing account established under the name "William Baldassin, Trustee" the amount of SIXTY THOUSAND DOLLARS ($60,000.00). Such funds shall be utilized to pay materialmen and any subcontractors performing any work or supplying any materials for work on the rental units subject to this litigation and to pay rents allowed per paragraph 3 above.

> . . .

> 7. Defendant Carl shall release residential property in Sidney, Montana, from the lien of the judgment of April 27, 1981, so that the Defendant Campeau's funds can be released from the sale of the residences and be transmitted to Mr. Baldassin as Trustee.

Mr. Baldassin then wrote to Security Abstract:

November 10, 1981

Ron Bricks
Security Abstract
105 E. Main Street
Sidney, MT 59270

RE: Campeau-Chilcote Judgment

Dear Ron:

Enclosed please find Partial Release of Judgment forms relating to Lots 17, 19, 21, 23, 24, 27, 30, 32, 33, 34, and

3

35 of Sidney Circle Subdivision.  These may all be filed with the Richland County Clerk and Recorder thereby satisfying the judgment against Paul Campeau as it relates to these properties.

If you would then please notify the bank that the judgments have been released and that they can release all monies held in the Chilcote account to me for deposit in my trust account.

I believe that either Mr. Chilcote or Attorney Hansen or Attorney Gary Chumrau on behalf of Mr. Chilcote have or will notify the bank approving this disbursement.

If you have any questions or comments or need anything further from me please do not hesitate to contact me.

Sincerely,

BALDASSIN, CONNELL & BEERS

s/ William R. Baldassin

William R. Baldassin

WRB/ps

Enc.

Ron Bricks of Security Abstract spoke with one or more of the Missoula attorneys about this matter.  He was told that certain monies would be transferred to Missoula when the releases were filed.  Security Abstract was not a party to the November 4, 1981, order.  Nor is there anything in the record to indicate that Security Abstract had any knowledge of the order.

Security Abstract filed the release of judgment forms, and then, attaching a copy of the Baldassin-Security Abstract letter, wrote to the Bank which held the $120,000, authorizing the release of the money:

November 18, 1981

The Richland National Bank
of Sidney, Montana.

Re: Agreement dated September 22, 1981
Chilcote - Title Company

Gentlemen:

You are hereby authorized to terminate the above account and return the funds as directed in said agreement.

We have been requested in writting [sic] by William R. Baldassin, attorney for R. Paul Campeau, to notify you to release all monies held in said account to: "Baldassin, Connell & Beers, Trust Account". (see copy of letter attached).

Security Abstract Company
of Sidney, Montana

By: s/ James E. Williams
Its President.

The vice-president of Richland County Bank telephoned Mr. Chilcote and Mr. Chilcote's attorney, both of whom advised that the money should not be forwarded to Mr. Baldassin, because other arrangements had been made. The Bank's own attorney advised that the money should go to no one but Mr. Chilcote without Chilcote's written authorization. The Bank transferred the $120,000 to Mr. Chilcote's account, as he requested. Mr. Chilcote then paid Mr. Campeau $60,000 as his share of the profits from the joint venture. Instead of placing the $60,000 in the Baldassin trust account, Mr. Campeau paid $2,650 to the Carls and $17,000 to the Baldassin trust account, and then disappeared. At time of trial, he was apparently in Australia.

The Carls then brought this action. Their complaint alleges that Security Abstract negligently caused the breach of the court-ordered agreement as to the Carls' liens. It

also alleges that Security Abstract negligently interfered with the same agreement. Security Abstract moved for summary judgment. The District Court ruled that Security Abstract had established that there was no genuine issue of material fact, and granted summary judgment.

Did the District Court err in granting summary judgment for Security Abstract Company?

Rule 56(c), M.R.Civ.P., provides that summary judgment is proper if the pleadings, depositions, and other discovery, together with any affidavits filed, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. The Carls argue that there is a genuine issue as to Security Abstract's understanding of its duties under its agreement with Mr. Baldassin and whether it exercised reasonable care in fulfilling those duties. The Carls say there is a similar question of fact on whether Security Abstract exercised reasonable care in its undertaking and filing of the lien releases.

The party moving for summary judgment has the burden of establishing the absence of any genuine issue of fact, and the party opposing the motion must provide evidence supporting the existence of a genuine fact issue. Pretty on Top v. City of Hardin (1979), 182 Mont. 311, 315, 597 P.2d 58, 60. In support of its motion for summary judgment, Security Abstract filed the affidavit of its employee Ron Bricks. He attested that he received the releases from Mr. Baldassin, and filed them as instructed in the letter. He stated that he then sent a copy of the Baldassin-Security Abstract letter to the Bank. He also attested that he was not aware of the November 4, 1981, order until he was deposed in this matter in February 1982; that Security Abstract had no control

whatever over the funds received from purchasers of the Richland County homes; and that nothing was said to him to indicate that Security Abstract would be at all responsible for seeing that any monies were returned to Missoula. The Chilcotte-Security Abstract agreement, the Baldassin-Security Abstract letter, and the letter from Mr. Bricks to the Bank are a part of the record as attachments to depositions.

The Carls did not submit affidavits in opposition to the summary judgment motion. Instead, they attached a transcript of testimony given by Mr. Baldassin at a hearing in which he was answering charges of contempt of court. At that hearing, Mr. Baldassin testified he was certain that it was clear to Mr. Bricks from their phone conversations that the lien releases were not to be used unless Mr. Baldassin got the $60,000. He testified that Mr. Bricks "exhibited no confusion . . . no disagreement" as to this understanding. Mr. Baldassin did not testify that Security Abstract was in any way responsible to see that the money was transferred to him. These telephone conversations took place prior to the November 10, 1981, Baldassin-Security Abstract letter.

Considered in a manner most favorable to the Carls, Mr. Baldassin's testimony established that the lien releases were not to be used unless Mr. Baldassin received the $60,000. The Baldassin-Security Abstract letter advises Security Abstract that the release forms may be filed with the clerk and recorder, thereby satisfying the judgment, and that Security Abstract then is to notify the Bank that the judgments have been released and that the Bank can release the monies to Mr. Baldassin. The Carls argue that Security Abstract was required in some manner to see that Mr. Baldassin got the $60,000 because the lien releases had been filed. This aspect is addressed in the next paragraph of Mr. Baldassin's letter where he states that he believes Mr.

7

Chilcote or his attorney "have or will notify the bank approving this disbursement." At this point Security Abstract had done all which it could do in order to allow the $120,000 to be disbursed to Mr. Baldassin by the Bank. Even if we accept Mr. Baldassin's testimony without question, there is no indication in that testimony or in the Baldassin-Security Abstract letter to indicate that Security Abstract was in any way responsible for the transfer of the money itself. Under the Chilcote-Security Abstract agreement, Security Abstract was entitled to access to the funds only in the event of problems arising from the judgment in question.

The release of the judgment lien terminated any possibility of claim on the part of Security Abstract because of the judgment. Security Abstract specifically advised the Bank in its letter that the Bank was authorized to terminate the account and return the funds as directed in the agreement. At that point Security Abstract had discharged any responsibility or duty which it had with regard to the funds in the Bank. It then became an obligation on the part of Mr. Baldassin to arrange with Mr. Chilcote, his attorneys, and the Bank for the disbursement to him. Security Abstract is not shown to have any obligation in connection with that disbursement. We conclude that there is nothing to suggest that Security Abstract could be held responsible for the failure of Mr. Chilcote to transfer $60,000 to Mr. Baldassin.

The Carls argue that summary judgment is inappropriate because an issue of negligence is involved. The record does not support that contention. Where the non-moving party fails to come forward with substantial evidence raising a genuine issue of material fact, summary judgment is proper in a negligence action. Morales v. Tuomi (Mont. 1985), 693 P.2d 532, 535, 42 St.Rep. 60, 63-64. Security Abstract followed all of the instructions which it received orally as described

8

in the Baldassin testimony and as contained in the Baldassin-Security Abstract letter. The Carls failed to provide evidence of any duty on the part of Security Abstract to see that the $60,000 was delivered to Mr. Baldassin. In the absence of such a duty, Security Abstract could not be found to be negligent.

We conclude that the District Court was correct in determining that the plaintiffs failed to establish a genuine issue of material fact and we affirm the summary judgment for Security Abstract.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____

_____
Justices

9