No. 92-164

IN THE SUPREME COURT OF THE STATE OF MONTANA

1992

FRED G. CARL and JOAN A. CARL,

      Plaintiffs and Appellants,

v.

WILLIAM CHILCOTE and
CITY OF MISSOULA, MONTANA,

      Defendants and Respondents.

APPEAL FROM:   District Court of the Fourth Judicial District,
In and for the County of Missoula,
The Honorable Ed McLean, Judge presiding.

COUNSEL OF RECORD:

      For Appellants:

          Charles F. Moses, Moses Law Firm,
Billings, Montana

      For Respondents:

          William P. Driscoll, Gough, Shanahan, Johnson &
Waterman, Helena, Montana (City of Missoula);
William L. Crowley, Boone, Karlberg & Haddon,
Missoula, Montana (Chilcote)

Submitted on Briefs:   August 13, 1992

Decided:   December 17, 1992

Filed:

Clerk

Justice William E. Hunt, Sr., delivered the opinion of the Court.

Plaintiffs and appellants, Fred G. Carl and Joan A. Carl, husband and wife, appeal from the adverse decisions of the District Court of the Fourth Judicial District, Missoula County. The District Court granted summary judgment to both defendants and respondents, William Chilcote and the City of Missoula (City). We affirm.

There are two issues before the Court:

1. Did the District Court err in granting summary judgment in favor of Chilcote?

2. Did the District Court err in granting summary judgment in favor of the City of Missoula?

This appeal is the latest in a long-running dispute which began more than a decade ago. In the late 1970's, Carls entered into a contract for the construction of four duplexes in Missoula. The contractor was Paul Campeau. During construction, a mechanic's lien was filed by M. E. Walters. Walters obtained summary judgment against Campeau and is no longer a party to the controversy. Carls also asserted cross-claims for relief against Campeau in this same proceeding in that there were several substantial and material defects in the duplexes which were left uncorrected by Campeau. On April 27, 1981, Carls obtained judgment against Campeau for breach of contract. The District Court ordered that Campeau pay Carls the cost of correcting the defects in the four duplexes, up to the

2

amount of $120,000. Campeau failed to pay for the necessary repairs.

Carls recorded their $120,000 judgment against Campeau in Richland County. Campeau was involved in a joint venture in Richland County with Chilcote. Campeau and Chilcote were constructing and selling residences. Chilcote was in no way involved with the duplexes constructed in Missoula and was not a party to the litigation which resulted in the District Court order of April 27, 1981, requiring Campeau to pay for the repairs to the Missoula duplexes.

Carls then moved the District Court for an order to compel Campeau's compliance with the April 27, 1981, order. On November 4, 1981, the District Court entered a supplemental order directing Campeau to make the necessary repairs, subject to supervision by designated architects. In order to insure completion of the repairs, the District Court ordered Campeau to place $60,000 into a trust account. Campeau's attorney, William Baldassin, was ordered to act as trustee of the trust account. The District Court also required Carls to release the Richland County property from the lien so that Campeau could sell his interest in the property and deposit the $60,000 in the trust account. The District Court's order of November 4, 1981, did not name Chilcote, nor did the order require or prohibit any conduct on his part.

The Richland County property was sold. Chilcote paid $60,000 to Campeau out of the profits of the joint venture. Chilcote

3

advised Campeau at this time that he had better get the money to Baldassin to deposit into the trust account as the District Court had ordered. Campeau told Chilcote not to worry because he would not do anything to get Chilcote into trouble. Campeau paid $2,650 to Carls, $17,000 to Baldassin, which was deposited into the trust account, and then proceeded directly to Australia.

Upon motion of Carls, the District Court, on August 2, 1982, found Chilcote in contempt of court. The District Court concluded that Chilcote had "frustrated the order of this Court and prevented its execution and should be held in contempt of this Court and required to comply with the order . . . dated November 4, 1981." On August 10, 1982, the District Court entered judgment against Chilcote in the amount of $40,350, together with costs of suit.

Chilcote appealed and sought a Writ of Review from this Court, consolidating his challenges to the contempt order and the money judgment. In Walters v. Campeau (1983), 205 Mont. 448, 668 P.2d 1054, this Court reversed both the contempt order and the money judgment entered against Chilcote. In Walters, we held that Chilcote was under no obligation to insure that the $60,000 was placed into the trust account. Chilcote had not been a party to any of the prior proceedings. Neither the District Court's order of April 27, 1981, nor the supplemental order of November 4, 1981, named Chilcote. The orders neither required nor prohibited any conduct on the part of Chilcote. Chilcote was aware that Campeau had been ordered to pay $60,000 into the trust account and Chilcote

4

even encouraged him to do so. However, Chilcote did not have any affirmative duty to insure the money was deposited. Under these circumstances, we concluded that Chilcote had not interfered with the process or proceedings of the District Court. The finding that Chilcote was in contempt of court and the money judgment entered against him were reversed.

On May 20, 1983, Carls filed suit against William Chilcote, Security Abstract Company, Richland National Bank, and the City of Missoula. Richland National Bank was granted summary judgment in 1984 and the District Court granted Security Abstract Company's motion for summary judgment in 1986. Carls filed an interlocutory appeal of the summary judgment granted to Security Abstract Company, and in Carl v. Chilcote (1987), 226 Mont. 260, 735 P.2d 266, this Court affirmed the District Court's decision.

The case continued against Chilcote and the City. Chilcote and the City had previously made motions for summary judgment which were denied. However, the District Court, in separate orders in January 1992, granted both Chilcote's and the City's motions for summary judgment. Carls appeal from the February 6, 1992, entry of final judgment.

I

Did the District Court err in granting summary judgment in favor of Chilcote?

A district court judge may grant summary judgment when:

5

> [T]he pleadings, depositions, answers to interrogatories,
> and admissions on file, together with the affidavits, if
> any, show that there are no genuine issues of material
> fact and that the moving party is entitled to judgment as
> a matter of law.

Sherrodd, Inc. v. Morrison-Knudsen Co. (1991), 249 Mont. 282, 284, 815 P.2d 1135, 1136; Rule 56(c), M.R.Civ.P. The party moving for summary judgment has the initial burden of showing that there is a complete absence of any genuine issue of material fact. To satisfy this burden, the movant must make a clear showing as to what the truth is so as to exclude any real doubt as to the existence of any genuine issue of material fact. Kober v. Stewart (1966), 148 Mont. 117, 417 P.2d 476. Summary judgment is never an appropriate substitute for a trial if a factual controversy exists. Reaves v. Reinbold (1980), 189 Mont. 284, 615 P.2d 896. Upon reviewing a grant or denial of a motion for summary judgment, this Court applies the same standard as the district court.

Carls allege that genuine issues of material fact remain and that the District Court erred in granting summary judgment to Chilcote. Carls' cause of action against Chilcote sought damages for interference with a contract. On appeal, Carls argue that the District Court granted summary judgment in favor of Chilcote on the basis of res judicata. Carls contend that the previous decision of this Court in Walters does not bar the present action.

However, a careful reading of the District Court's opinion and order granting summary judgment to Chilcote reveals that the District Court did not rely upon the doctrine of res judicata. The

6

District Court did refer to the facts as set out in Walters, but did not conclude that the Walters decision barred the present action. To the contrary, prior to ruling on Chilcote's motion for summary judgment the District Court allowed Carls the opportunity to present any additional evidence they might have which would preclude summary judgment in favor of Chilcote. The District Court, after reviewing all the uncontested facts, found no genuine issues of material fact remaining and granted summary judgment to Chilcote. The District Court did not grant summary judgment based on the doctrine of res judicata. In granting summary judgment, the District Court stated that:

> To date, this Court has not been presented with evidence which refutes the facts as stated in Walters. At the January 15, 1992 hearing counsel for [Carls] stipulated that he had no additional evidence to present to a jury than is already in the Court file. Under the stipulated set of facts, and in light of the Supreme Court's rulings in Walters and Carl and Carl's admissions (attached to this Opinion and Order), there are no material issues of fact still to be determined by a jury and summary judgment is proper under Rule 56, M.R.Civ.P. Absent evidence that Chilcote had an affirmative duty to pay the $60,000 to the Baldassin trust account or that Chilcote intentionally prevented the funds from going into the trust account, Carls have not proven that Chilcote should be held liable for the actions of Campeau.

The uncontroverted evidence in this case, especially Carls' answers to Chilcote's request for admissions, clearly shows that Chilcote was entitled to summary judgment as a matter of law. Chilcote was not named in either of the District Court's orders. The orders did not require or prohibit any conduct by Chilcote. Specifically, Chilcote was not prohibited in any way from paying

7

over Campeau's share of the profits of the joint venture directly to Campeau. There are no facts indicating that Chilcote in any way prevented or frustrated Campeau from depositing the money in the trust account. The uncontroverted evidence was that Chilcote encouraged Campeau to deposit the money. The District Court's grant of summary judgment in favor of Chilcote is affirmed.

## II

Did the District Court err in granting summary judgment in favor of the City of Missoula?

Prior to beginning construction, Carls applied for and obtained building permits from the City. Carls brought suit against the City contending that the City, through its building department employees, failed to use due care in supervising and inspecting the construction and in insuring that the construction was completed according to the City's building codes. The District Court granted summary judgment in favor of the City on the grounds that the applicable statute of limitations had run.

The construction at issue in this case was performed in 1977 and 1978. As previously mentioned, Carls cross-claimed against Campeau in April 1980. The basis of this cross-claim was that Carls alleged they were entitled to damages for defects in the construction of the duplexes. On June 11, 1980, Carls acknowledged in answers to interrogatories and requests for admissions that they were aware of various defects in the construction. At the January 1981 trial, Carls presented testimony from a structural engineer as

8

to the defects. The District Court in this case determined that Carls became aware of the defects in April 1980 and certainly were aware of the facts constituting their claim by the time of trial in January 1981. We agree.

In resistance to the City's motion for summary judgment, Carls presented several affidavits in support of their contention that they did not become aware of their claim until the fall of 1981. The fact that these particular affiants did not realize that Carls had a possible claim against the City is irrelevant. Section 27-2-102, MCA, provides in part that:

> (2) Unless otherwise provided by statute, the period of limitation begins when the claim or cause of action accrues. Lack of knowledge of the claim or cause of action, or of its accrual, by the party to whom it has accrued does not postpone the beginning of the period of limitation.
>
> (3) The period of limitation does not begin on any claim or cause of action for an injury to person or property until the facts constituting the claim have been discovered . . . .

In this case, the facts constituting the claim had clearly been discovered by Carls. The statute of limitations began to run at that time, notwithstanding the fact that Carls may not have realized they had a possible claim against the City. Bennett v. Dow Chemical Co. (1986), 220 Mont. 117, 713 P.2d 992.

The statute of limitations began to run, at the very latest, as of the date of trial in January 1981. Carls filed suit against the City on May 20, 1983, more than two years following the trial. The District Court concluded that the appropriate statute of

9

limitations in this case was two years pursuant to § 27-2-207, MCA, and therefore, Carls' action was barred. Section 27-2-207, MCA, provides that:

> Within 2 years is the period prescribed for the commencement of an action for:
>
> (1) injury to or waste or trespass on real or personal property . . . .

Carls contend, relying upon § 27-2-208, MCA, that the statute of limitations for commencing the action was ten years. Section 27-2-208, MCA, relates to actions for damages arising out of work on improvements to real property and states in part that:

> (1) Except as provided in subsections (2) and (3), no action to recover damages (other than an action upon any contract, obligation, or liability founded upon an instrument in writing) resulting from or arising out of the design, planning, supervision, inspection, construction, or observation of construction of or land surveying done in connection with any improvement to real property shall be commenced more than 10 years after completion of such improvement.
>
> . . . .
>
> (5) Nothing in this section shall be construed as extending the period prescribed by the laws of this state for the bringing of any action.

In discussing this statute, this Court recently stated that:

> Taken by its four corners, § 27-2-208, MCA, is not in itself a statute of limitation. Under subsection (5) of the statute, the ten-year period does not extend any other period prescribed by the laws of this state for bringing any action. What § 27-2-208, MCA, provides is that any other applicable statutes of limitation still remains applicable but in no event shall any cause be commenced more than ten years after the completion of the improvement. Section 27-2-208, MCA, is not in essence a statute of limitations, but rather a statute of repose which prevents any cause of action relating to an

10

improvement to real property from arising after a ten year period. Thus, if late discovery of the facts were applicable in this case to extend the time for commencement of the action, or, if the circumstances which extend the periods of limitations set out in §§ 27-2-401, and -409, MCA, were involved, the specific applicable limitations periods would be extended, but in no event longer than ten years after completion of the improvement.

Ass'n of Unit Owners v. Big Sky of Montana (1990), 245 Mont. 64, 80-81, 798 P.2d 1018, 1028.

Carls argue that in Reeves v. Ille Electric Co. (1976), 170 Mont. 104, 551 P.2d 647, this Court interpreted § 27-2-208, MCA, as providing for a ten-year statute of limitations, contrary to the holding of Big Sky. The issues in Reeves involved several constitutional challenges to the statute. The Court in Reeves did not hold that the statute provided for a ten-year statute of limitations. The District Court correctly applied § 27-2-207, MCA, in this instance in determining that Carls' action was barred.

Finally, Carls argue that based upon the issuance of building permits, their claims against the City are also contractual in nature and that the statute of limitations for contracts found at § 27-2-202, MCA, should apply. The City contends that the question of a contractual relationship is not properly before this Court. In 1990, the City was granted summary judgment in this case. The District Court based this grant of summary judgment on several grounds, including the determination that no contractual relationship existed. Carls appealed the District Court's grant of summary judgment. Upon motion of Carls, the matter was not

11

considered on appeal, but was remanded to the District Court for reasons unrelated to the issues now on appeal. The City argues that Rule 4(c), M.R.App.P., requires the notice of appeal to "designate the judgment, order or part thereof appealed from" and that Carls did not appeal from the summary judgment entered in 1990. Carls' notice of appeal only designates the summary judgment entered in January 1992 as the subject matter of their appeal. The issue of a contractual relationship was not raised in connection with the January 1992 summary judgment. Additionally, Rule 2(a), M.R.App.P., provides that:

> Upon appeal from a judgment in a civil case, the court may review the verdict or decision, and any intermediate order or decision excepted or objected to within the meaning of Rule 46 of the Montana Rules of Civil Procedure, which involves the merits, or necessarily affects the judgment, except a decision or order from which an appeal might have been taken. [Emphasis added.]

Carls not only failed to designate the 1990 summary judgment order in their notice of appeal, but the 1990 summary judgment was an order from which an appeal was available. This Court cannot, on appeal from the judgment, review an order from which an appeal could have been taken. Great Falls Meat Co. v. Jenkins (1906), 33 Mont. 417, 84 P. 74. The question of a contractual relationship is not properly before the Court. The District Court's grant of summary judgment to the City is affirmed.

The City also cross-appeals from a 1985 order of the District Court denying the City's motion for summary judgment based on the

12

public duty doctrine. Because we are affirming summary judgment in favor of the City on statute of limitations grounds, it is not necessary to address this issue raised by the City as a bar to Carls' action.

_____
Justice

We concur:

_____

_____

_____

_____
Justices

13

December 17, 1992

CERTIFICATE OF SERVICE

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:


Charles F. Moses
Moses Law Firm
P.O. Box 2533
Billings, MT   59103-2533

William P. Driscoll
Gough, Shanahan, Johnson & Waterman
P.O. Box 1715
Helena, MT   59624

William L. Crowley
Boone, Karlberg & Haddon
P.O. Box 9199
Missoula, MT   59807-9199


ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY: _____
Deputy