145 F.3d 1338
 Pens. Plan Guide (CCH) P 23946N
LABORERS' HEALTH AND WELFARE FUND FOR SOUTHERN CALIFORNIA;
Construction Laborers Pension Trust for Southern California;
Laborers' Training and Retraining Trust for Southern
California, et al., Plaintiffs-Appellees, Cross-Appellants,
v.
W.A. RASIC CONSTRUCTION COMPANY, INC., Defendant-Appellant,
Cross-Appellee.
 Nos. 96-56168, 96-56250.
D.C. No. CV 93-6348 TJH.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted December 4, 1997.
Decided May 21, 1998.
 
 1
 Appeal from the United States District Court for the Central District of California Terry J. Hatter, Jr., District Judge, Presiding.
 
 
 2
 Before SCHROEDER and KOZINSKI, Circuit Judges, and WHYTE,** District Judge.
 
 
 3
 MEMORANDUM*
 
 
 4
 On October 20, 1993, Laborers' Health and Welfare Fund for Southern California, Construction Laborers' Pension Trust for Southern California, Construction Laborers' Vacation Trust for Southern California, Laborers' Training and Retraining Trust for Southern California, and Fund for Construction Industry Advancement ("the Funds") brought an action against W.A. Rasic Construction Company, Inc. ("Employer") for delinquent contributions under 29 U .S.C. §§ 1132(g)(2) and 1145. The Funds sought contributions allegedly owed on behalf of several employees, including Employer's president, Walter Rasic ("Rasic"). Employer counterclaimed seeking a refund of contributions mistakenly made on behalf of Rasic since 1978.
 
 
 5
 Following a bench trial, the district court found that the Funds' determination that Rasic performed work as a superintendent was clearly erroneous and that Employer had made contributions to the Funds on Rasic's behalf under a mistake of fact. Accordingly, the district court denied the Funds' claim to further contributions allegedly owed on Rasic's behalf. It only awarded the Funds $9,734.37, which Employer admittedly owed for other delinquent contributions. The district court also denied Employer's counterclaim for a refund of its contributions previously made on Rasic's behalf. It reasoned that the equities did not favor restitution since Rasic had received benefits based upon contributions to the Funds.
 
 
 6
 Employer appeals the district court's denial of its counterclaim for a refund of contributions under 29 U.S.C. §§ 1103(c)(2)(A)(ii) and 1132. The Funds cross-appeal the district court's denial of the Funds' claim to alleged delinquent contributions due for Rasic.
 
 
 7
 In their cross-appeal the Funds argue that the trial court erred in ruling that the determination of the Funds' trustees that Rasic qualified as a superintendent was clearly erroneous. The Funds assert, therefore, that Employer owes additional contributions on behalf of Rasic.
 
 
 8
 Where a benefits plan vests discretionary authority with an administrator, an abuse of discretion standard applies to the decisions of that administrator. Jones v. Laborers Health & Welfare Trust Fund, 906 F.2d 480, 481 (9th Cir.1990). Factual findings of a plan administrator must be "clearly erroneous" to constitute an abuse of discretion. Id. at 482. We review de novo the district court's determination that the trustees of the Funds abused their discretion. See Taft v. Equitable Life Assur. Soc., 9 F.3d 1469, 1471 (9th Cir.1993).
 
 
 9
 The district court did not err when it determined that Employer made contributions on behalf of Rasic under a mistake of fact. The trustees' determinations that Rasic performed work as a superintendent and that Employer's contributions on his behalf were voluntary were not supported by the evidence and, therefore, clearly erroneous.
 
 
 10
 The Funds also argue that the district court erred in failing to award interest, liquidated damages, audit costs, and attorneys' fees pursuant to 29 U.S.C. § 1132(g)(2), since they did prevail on their claim for delinquent contributions for others than Rasic. The Funds, however, waived their claim to these items by failing to move for and present any evidence in support of such an award. Therefore, the district court did not err in this regard.
 
 
 11
 In its appeal, Employer argues that the trial court abused its discretion in finding that the equities do not favor restitution, because Employer is not seeking a refund from the two plaintiff funds which actually paid out benefits to Rasic. An employer must establish that the equities favor restitution. British Motor Car Distrib. v. San Francisco Auto., 882 F.2d 371, 374 (9th Cir.1989). Here, the only reason given for denying Employer's claim is that Rasic received partial benefits for Employer's contributions. The district court did not specify from which funds Rasic obtained benefits. If he received benefits only from the Vacation Fund and Health Fund as suggested by the record, then the district court's reason is insufficient, by itself, to defeat Employer's claim that the equities favor restitution. It would be inequitable for the plaintiff funds which have neither paid any benefits nor risked paying any to keep the mistakenly made contributions merely because other funds paid out benefits.[1]
 
 
 12
 There may, however, be reasons not specified by the district court for denying a refund. For example, any financial impact on the Funds of a refund should be considered in the balancing of the equities. "A principal equitable consideration is whether restitution would undermine the financial stability of the plan." Award Serv., Inc. v. Northern Cal. Retail Clerks Union & Food Employers Joint Pension Trust Fund, 763 F.2d 1066, 1068 (9th Cir.1985); see also Chase v. Trustees of Western Conference of Teamsters Pension Trust Fund, 753 F.2d 744, 753 (9th Cir.1985). In addition, the effect on beneficiaries of the Funds may be considered. As pointed out in Frank L. Ciminelli Constr. Co. v. Buffalo Laborers Supplemental Unemployment Benefit Fund, 976 F.2d 834 (2d Cir.1992)
 
 
 13
 If employers are allowed to recover overpayments and thereby reduce a fund's total assets, those who have already retired will have received too much because their benefits were calculated as a share of an inflated calculation of total assets. Future retirees will then receive too little. Although the repayments may not render a fund unstable, the loss of benefits may seem substantial to pensioners for whom even small sums are important.
 
 
 14
 Id., at 836.
 
 
 15
 The Employer's delay in seeking a refund may also be a relevant factor. "[I]n determining the balance of equities, sleeping on one's rights is always a consideration." Id.
 
 
 16
 In light of the above, we vacate that portion of the trial court's judgment denying a refund to Employer and remand for a balancing of the equities to determine whether Employer is entitled to a refund of its payments on behalf of Rasic.
 
 
 17
 The parties' respective requests for attorneys' fees on appeal are denied.
 
 
 18
 AFFIRMED IN PART; REVERSED IN PART AND REMANDED. The parties are to bear their own costs.
 
 
 
 **
 Honorable Ronald M. Whyte, United States District Judge for the Northern District of California, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 For example, the Pension Trust Fund, based on the district court's judgment, would keep the contributions made on behalf of Rasic by mistake but deny Rasic any pension credits. Appellees' and Cross-Appellants' Opening Brief, p. 19, fn. 7