145 F.3d 1338
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Michael HERNANDEZ, Plaintiff-Appellant,
v.
BAKERSFIELD CITY; Steve Brummer, Bakersfield Chief of
Police; and Jon Scott, Defendants-Appellees.
 No. 97-15927.
D.C. No. CV-95-05158-OWW.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 11, 1998.**
Decided May 21, 1998.
 
 Appeal from the United States District Court for the Eastern District of California, Oliver W. Wanger, District Judge, Presiding.
 Before LAY,*** KOZINSKI and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 I.
 
 2
 The district court found that Officer Scott knew that Mr. Hernandez was a suspect in a burglary in which guns had been stolen, and that Mr. Hernandez had been previously convicted of a felony; that Officer Scott had no duty to retreat from the situation; that Officer Scott saw Mr. Hernandez return to the yard with a gun and a flashlight and that Mr. Hernandez was carrying the gun in a manner such that his arm was bent and the gun was pointing in front of him; that Officer Scott saw Mr. Hernandez approach the gate by the alley; that Officer Scott believed his presence to be disclosed to Mr. Hernandez; that Officer Scott was in a vulnerable position of no cover behind a fence with a limited field of vision; that at the time of the shooting, Officer Scott lost sight of Mr. Hernandez's weapon and believed that Mr. Hernandez had first turned away from him and then toward him; and that Officer Scott believed that Mr. Hernandez was about to shoot him.
 
 
 3
 Based on these facts, the district court concluded that Officer Scott's belief that he was going to be shot when he was confronted by an armed suspect, in close proximity, less than twenty feet away, was objectively reasonable; and that Officer Scott's conduct, in light of this belief, was also objectively reasonable. There is nothing in these findings and conclusions that can be deemed "clearly erroneous." The district court's findings must, therefore, be upheld. See Concrete Pipe & Prod. v. Construction Laborers Pension Trust, 508 U.S. 602, 623, 113 S.Ct. 2264, 124 L.Ed.2d 539 (1993); Anderson v. Bessemer, 470 U.S. 564, 575, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985).
 
 
 4
 Mr. Hernandez argues, however, that the district court's failure to make crucial findings of fact regarding the circumstances of the shooting requires reversal of the finding of qualified immunity.[1] Specifically, Mr. Hernandez points to the following facts that the district court failed to resolve: (1) whether Officer Scott issued a warning prior to shooting Mr. Hernandez; and (2) whether Mr. Hernandez turned toward Officer Scott at the time of the shooting.
 
 A. Prior Warning
 
 5
 The district court did not make a finding as to whether Officer Scott issued a warning prior to the shooting. Instead, the district court assumed that a warning had not been given. The district court then found that the failure to give a prior warning was reasonable because (1) it was not feasible to give a warning under the circumstances of the case and (2) Officer Scott did not have time to give a warning. These findings are supported by the testimony of both Officer Scott and Mr. Joseph Callahan[2] and are not clearly erroneous.
 
 
 6
 This testimony revealed that an officer is not required to give a prior warning when to do so would present an unreasonable safety risk; that Officer Scott had no duty to retreat; that Officer Scott acted reasonably in not revealing his position; and that Officer Scott reasonably believed that he was faced with deadly force by Mr. Hernandez. In light of the district court's finding that Officer Scott acted reasonably even if, arguendo, he did not give a prior warning, it was not necessary to making a finding as to whether a prior warning was actually given.
 
 B. Position of Mr. Hernandez
 
 7
 The district court did not make a finding as to the position of Mr. Hernandez at the time of the shooting. Instead, the district court found that, whether Mr. Hernandez was turning toward Officer Scott or moving out of Officer Scott's field of vision at the time that he was shot, Officer Scott acted reasonably. Again, this finding is supported by the testimony of both Officer Scott and Mr. Callahan, and is not clearly erroneous.
 
 
 8
 This testimony revealed that Officer Scott believed that Mr. Hernandez was turning toward him and was about to shoot him; that it was in Officer Scott's best interest to not permit Mr. Hernandez to walk out of Officer Scott's sight and to not surrender a tactical advantage over Mr. Hernandez; and that Officer Scott's conduct, both prior to and during the shooting, was appropriate and reasonable. In light of the district court's finding that Officer Scott's conduct was reasonable even if Mr. Hernandez was shot as he was moving out of Officer Scott's field of vision, it was unnecessary to determine what Mr. Hernandez's position actually was at the time of the shooting. See Graham v. Connor, 490 U.S. 386, 396-97, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989) (holding that the inquiry as to whether an officer's conduct is "reasonable" in the circumstances is determined "from the perspective of a reasonable officer on the scene," and in view of "the fact that police officers are often forced to make split-second judgments--in circumstances that are tense, uncertain, and rapidly evolving--about the amount of force that is necessary in a particular situation").
 
 II.
 
 9
 Although we have determined that the district court did not err in granting summary judgment in favor of the defendants, the arguments raised by the plaintiff on appeal were not frivolous. Defendants' motion for damages and costs under Fed.R.App.P. 38 is therefore denied.
 
 
 10
 The district court's grant of summary judgment in favor of defendants is AFFIRMED. The defendants' motion for damages and costs is DENIED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 * Honorable Donald P. Lay, Senior United States Circuit Judge for the Eighth Circuit Court of Appeals, sitting by designation
 
 
 [1]
 Mr. Hernandez also argues that the district court erred in finding that the law was not clearly established. We need not reach this issue because even assuming, arguendo, that the law was clearly established, Officer Scott's conduct was reasonable
 
 
 [2]
 The district court expressly found Mr. Callahan to be "well qualified [on] police practices." The district court also expressly found Mr. Callahan's opinions to be "more credible than the opinions of Mr. Snyder," an expert for Mr. Hernandez