145 F.3d 1338
 2 Cal. Bankr. Ct. Rep. 31
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re: William A. KNAUSS, Debtor,
Lester H. DURHAM; Edna E. Durham; William A. Knauss; Yoko
Knauss; Martha E. Knauss, Appellants,
v.
Ronald ANCELL, Trustee, Appellee.
 No. 97-16920, AZ-97-01344.
 United States Court of Appeals, Ninth Circuit.
 May 22, 1998.
 
 Appeal from the Ninth Circuit Bankruptcy Appellate Panel.
 Before: SCHROEDER, TROTT, and FERNANDEZ, Circuit Judges.
 
 MEMORANDUM[1]
 
 1
 HAGAN, RYAN, and RUSSELL, Bankruptcy JJ., Presiding
 
 Submitted May 14, 1998[2]
 
 2
 Debtor William Knauss and others (collectively "Knauss") appeals pro se the Bankruptcy Appellate Panel's denial of his motions to impose sanctions on the counsel for Trustee Ronald Ancell pursuant to 28 U.S.C. § 1927, and to disqualify the counsel. Because bankruptcy courts are not "court[s] of the United States" as defined in 28 U.S.C. § 451, see Perroton v. Gray, (In re Perroton), 958 F.2d 889, 895 (9 th Cir.1992), the BAP did not err in concluding that it lacked authority to award sanctions under 28 U.S.C. § 1927.
 
 
 3
 Moreover, we lack jurisdiction to consider the issue of the disqualification of the Trustee's counsel, due to the lack of a final appealable order. See Security Pacific Bank Washington v. Steinberg (In re Westwood Shake & Shingle, Inc.), 971 F.2d 387, 389 (9th Cir.1992) ("[w]here the underlying bankruptcy ... order involves the appointment or disqualification of counsel, courts have uniformly found that such orders are interlocutory even in the more flexible bankruptcy context").
 
 
 4
 Accordingly, we affirm the BAP's denial of Knauss's motion for sanctions, and dismiss his appeal of the motion seeking to disqualify counsel. Knauss's motion for sanctions on appeal is denied.
 
 
 5
 AFFIRMED IN PART, DISMISSED IN PART.
 
 
 
 [1]
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [2]
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4