145 F.3d 1338
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
James C. KAZEN, Plaintiff-Appellant,
v.
Kenneth S. APFEL, Acting Commissioner, Social Security
Administration, Defendant-Appellee.
 No. 97-55029.
DC No. CV-95-08731-CT
 United States Court of Appeals, Ninth Circuit.
 Submitted May 8, 1998.[2]
Decided May 27, 1998.
 
 1
 Appeal from the United States District Court for the Central District of California Carolyn Turchin, District Judge, Presiding.
 
 
 2
 Before CANBY and KLEINFELD, Circuit Judges, PANNER,[3] District Judge.
 
 MEMORANDUM[1]
 
 3
 James Kazen appeals the district court's order upholding the denial of disability insurance benefits by the Commissioner of Social Security. We review de novo the district court's order. Jamerson v. Chater, 112 F.3d 1064, 1066 (9th Cir.1997). We affirm the Commissioner's decision because it is supported by substantial evidence, and because the Commissioner applied the correct legal standards. See Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir.1996).
 
 
 4
 Kazen injured his back when he fell off of a scaffold while at work in 1983. He subsequently underwent surgery to repair and remove damaged intervertebral disks. He collected social security disability benefits for about two years, ending in May 1986.
 
 
 5
 Kazen filed a new application for benefits in June 1992. A series of appeals and rehearings followed. The evidence included Kazen's medical history, which included the results of two separate orthopedic examinations. In September 1992, Dr. Thomas P. Knapp determined that, although Kazen suffered from nerve root irritation, "[h]e should be able to work performing moderate duty activities." In December 1994, Dr. Thomas R. Dorsey determined that, although Kazen suffered from persistent pain in his lower back and right leg, he could "lift or carry 50 lbs occasionally and 25 lbs frequently" and "should be able to occasionally engage in stooping and crouching activities." The ALJ ultimately found on the basis of these clinical findings that Kazen had "a residual functional capacity for at least light work with no repetitive bending, stooping, squatting, crouching, crawling, kneeling, or prolonged walking."
 
 
 6
 The ALJ also considered the testimony of a vocational expert. After hearing Kazen's educational history and a summary of Kazen's residual functional capacity, the expert testified that Kazen could not perform his past work as a laborer or bricklayer, but that he probably could perform his past work as an automobile salesperson. The expert further testified that Kazen could perform a broad range of other available light duty jobs. Since there were jobs that Kazen could perform, he was not disabled for the purposes of the Social Security Act. See Bowen v. Yuckert, 482 U.S. 137, 140, 107 S.Ct. 2287, 96 L.Ed.2d 119 (1987); 20 C.F.R. § 404.1520(f), 416.920(f). Accordingly, the ALJ denied Kazen's application. The Social Security Appeals Council subsequently affirmed the ALJ's decision.
 
 
 7
 Kazen contends that the results of the two orthopedic examinations were unreliable because the exams predated a magnetic resonance imaging procedure ("MRI"), which Kazen underwent in 1995. The MRI revealed a narrowing of the spinal canal (stenosis), the presence of scar tissue related to Kazen's previous surgery, and posterior disk bulging. Kazen suggests that the opinions of doctors Knapp and Dorsey would have been different if they had been able to consider these MRI results. However, the results of the MRI seem entirely consistent with both nerve root irritation and pain in the lower back and right leg and Kazen offered no evidence to the contrary. Accordingly, the MRI results did not compel the ALJ to reject the doctors' clinical findings. See Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir.1995) (stating that uncontroverted opinion of examining physician may be rejected only for clear and convincing reasons).
 
 
 8
 Kazen also asserts that the MRI results indicate a progressive worsening of his condition. Although that contention may be true, the MRI results themselves did not indicate the extent to which Kazen's condition had restricted his activity. Kazen's own assessment of his physical capacity indicated that he could perform at least light and sedentary work. He testified at his last hearing, which was conducted only a week after the MRI, that he could sit for two to four hours, stand for two hours, lift twenty pounds, walk for two city blocks, and travel 250 miles in a car.
 
 
 9
 In light of Kazen's testimony, as well as the opinions of Doctors Knapp and Dorsey, we cannot say that the ALJ failed to base his decision on substantial evidence. See Matthews v. Shalala, 10 F.3d 678, 679 (9th Cir.1993) (defining substantial evidence as "relevant evidence which a reasonable person might accept as adequate to support a conclusion"). Accordingly, the judgment of the district court is
 
 
 10
 AFFIRMED.
 
 
 
 [2]
 The panel finds this case appropriate for submission without oral argument pursuant to Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 [3]
 The Honorable Owen M. Panner, Senior United States District Judge for the District of Oregon, sitting by designation
 
 
 [1]
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3