145 F.3d 1338
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ramdas LAMB, Plaintiff-Appellant,
v.
UNIVERSITY OF HAWAII; Mie Watanabae; Madaleine Goodman;
Susan Hippensteele; Doe Defendants 1-25; Lawrence
C. Foster; Margaret Maaka, Defendants-Appellees.
 No. 97-15068.
D.C. No. CV-95-00884-ACK.
 United States Court of Appeals, Ninth Circuit.
 Argued and submitted May 6, 1998.
Decided May 28, 1998.
 
 Appeal from the United States District Court for the District of Hawaii Alan C. Kay, District Judge, Presiding.
 Before BROWNING, BRUNETTI, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Appellant Ramdas Lamb appeals the district court's grant of summary judgment for the individual defendants in his 42 U.S.C. § 1983 action. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 I.
 
 3
 Lamb, an untenured professor in the Religion Department at the University of Hawaii, alleged that his First Amendment rights were violated when the University conducted an investigation into allegations that Lamb sexually harassed certain of his female students. The investigation commenced after the students filed a charge with the University, alleging that Lamb sexually harassed them during a February 25, 1993 classroom discussion about rape and sexual harassment. One student also alleged that she was repeatedly sexually assaulted by Lamb.
 
 
 4
 The district court granted summary judgment for the University on the ground that it was entitled to Eleventh Amendment immunity, and for the individual defendants on qualified immunity grounds.
 
 
 5
 The sole issue on appeal is whether the district court erred in finding that the individual University of Hawaii officials who participated in the sexual harassment investigation were entitled to qualified immunity with respect to Lamb's First Amendment claim under § 1983.
 
 II.
 
 6
 We review de novo a district court's grant of summary judgment. Bagdadi v. Nazar, 84 F.3d 1194, 1197 (9th Cir.1996). We must determine, viewing the evidence in the light most favorable to the nonmoving party, whether there are any genuine issues of material fact and whether the district court properly applied the law. Id. A district court's decision on qualified immunity in a 42 U.S.C. § 1983 action is likewise reviewed de novo. Elder v. Holloway, 510 U.S. 510, 516, 114 S.Ct. 1019, 127 L.Ed.2d 344 (1994).
 
 III.
 
 7
 Lamb's argument on appeal is that the district court erred in granting the individual defendants qualified immunity because the classroom speech for which he was investigated was clearly protected by the First Amendment. Appellees, on the other hand, maintain that they were entitled to qualified immunity because the boundaries of First Amendment rights in the college classroom have not been clearly established. According to the appellees, the University, having received a sexual harassment complaint, had a duty and a right to go forward with its investigation.
 
 
 8
 The doctrine of qualified immunity shields public officials performing discretionary functions from personal liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). The burden is on the plaintiff to prove that the right that the defendants violated was clearly established at the time of the alleged misconduct. Doe v. Petaluma City Sch. Dist., 54 F.3d 1447, 1450 (9th Cir.1995).
 
 
 9
 Our decision in Cohen v. San Bernardino Valley College, 92 F.3d 968 (9th Cir.1996), cert. denied, --- U.S. ----, 117 S.Ct. 1290, 137 L.Ed.2d 364 (1997), is dispositive of the present appeal. In Cohen, a college professor was disciplined in response to a student complaint of sexual harassment based upon the professor's classroom discussion on topics of a sexual nature and the professor's use of profanity and vulgarities. Addressing the professor's First Amendment claim, we stated that
 
 
 10
 Neither the Supreme Court nor this Circuit has determined what scope of First Amendment protection is to be given a public college professor's classroom speech. We decline to define today the precise contours of the protection the First Amendment provides the classroom speech of college professors....
 
 
 11
 Cohen, 92 F.3d at 971. As to qualified immunity for the college officials who disciplined Cohen, we held that "[t]he legal issues raised in this case are not readily discernable and the appropriate conclusion to each is not so clear that the officials should have known that their actions violated Cohen's rights." Id . at 973.[1]
 
 
 12
 Thus, Cohen clearly stands for the proposition that there has not been a determination as to the scope of a college professor's First Amendment rights in the classroom. Nonetheless, Lamb argues that his conduct fell so far short of that in Cohen that the University officials here should have known that their investigation violated Lamb's First Amendment rights, and they therefore should have dropped the investigation. According to Lamb, while Cohen's speech implicated the "outer reaches" of the First Amendment, Lamb's classroom speech was clearly protected because it was on "matters of public concern." See Connick v. Myers, 461 U.S. 138, 145-46, 103 S.Ct. 1684, 75 L.Ed.2d 708 (1983) (speech that relates to any matter of political, social, or other concern to the community is constitutionally protected); see also Roe v. City & County of San Francisco, 109 F.3d 578, 584-85 (9th Cir.1997).
 
 
 13
 Regardless of the nature of Lamb's classroom comments, having received a sexual harassment complaint, the University officials were obligated to investigate the charge. See 34 C.F.R. § 106.8(b). And, under Cohen, the scope of First Amendment protection afforded a professor's speech in a college classroom is undetermined. Thus, investigating the complaint could not have violated Lamb's clearly established constitutional rights and the district court properly granted the University officials qualified immunity.
 
 
 14
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The allegedly harassing conduct in Cohen took place in February 1992, and the grievance against Cohen was filed in May 1993. In the present case, the relevant classroom conduct took place in February 1993, and the complaint was filed in April 1993