145 F.3d 1338
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Julie LACASSE, Personal Representative of the Estate of
Larry J. LaCasse, and natural guardian of Dora LaCasse;
Roberta Hintz, the Conservator of Nicholas J. LaCasse and
Jamie L. LaCasse, Plaintiffs-Appellants,
v.
BABCOCK AND WILCOX, INC., a Delaware corporation, Defendant-Appellee.
 No. 97-35768.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 21, 1998.
June 2, 1998.
 
 Appeal from the United States District Court for the District of Montana.
 Before: PREGERSON, TASHIMA, and THOMAS, Circuit Judges.
 MEMORANDUM*
 LOVELL, J., Presiding.
 
 
 1
 Plaintiffs (collectively, "LaCasse") appeal from the district court's grant of summary judgment to defendant Babcock & Wilcox. We agree with the district court that LaCasse's suit is barred by Montana's statute of repose for builders and architects, Mont.Code Ann. § 27-2-208; we therefore affirm. The parties are familiar with the facts of the case, and we do not repeat them here.
 
 
 2
 The Montana Supreme Court has squarely held that the statute of repose for builders and architects does not violate art. II § 16 or art. II § 17 of the Montana Constitution. Reeves v. Ille Elec. Co., 170 Mont. 104, 108-13, 551 P.2d 647, 650-52 (1976). And in Plumb v. Fourth Judicial Dist. Court, 279 Mont. 363, 371, 927 P.2d 1011, 1016 (1996), the Montana Supreme Court reaffirmed that its interpretation of those provisions of the state constitution is the same as it has been for decades. We are bound by this interpretation of state law by the Montana Supreme Court. Accordingly, Reeves is still valid, and LaCasse's challenge to the statute of repose fails.
 
 
 3
 We also reject the suggestion that this case be certified to the Montana Supreme Court. Given the continued validity of Reeves, this case presents no novel question of state law. Moreover, that court has already rejected certification of this case from the district court. See Allstate Ins. Co. v. Alamo Rent-A-Car, Inc. ., 137 F.3d 634, 637 (9th Cir.1998) (holding that when state court declines certification for any reason, this court must answer questions of state law).
 
 
 4
 The defendant does not fall into the materialman's exception to the statute of repose mentioned in Reeves because it expended substantial effort in constructing and installing the boiler. We also do not find an exception to the statute of repose for fortuitous injuries. Cf. Carl v. Chilcote, 255 Mont. 526, 533, 844 P.2d 79, 84 (1992) (acknowledging that the statute of repose will sometimes bar a suit even though it was impossible for the plaintiff to discover the facts necessary to prosecute the claim before the repose period ended).
 
 
 5
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit, except as provided by Ninth Cir. R. 36-3